WOODBURN vs. FRIEND ET AL.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT FOR THE PARISH OF
OUACHITA, THE JUDGE OF THE FIFTH PRESIDING.

Sureties in bonds taken in judicial proceedings are bound *in solido*; being entitled to neither division nor discussion: so several sureties in a 12 months bond are each bound for the whole sum.

Where the creditor does not suspend his execution *so as to put it out of* his power, or the surety (if he should pay,) to pursue the debtor, it is no prolongation of the time of payment.

When it appears in the progress of the trial, that a payment has been made of part of the debt; although the injunction may have to be dissolved for want of an allegation of payment, yet a new one for this amount should be granted and perpetuated.

Where the party is entitled to a new injunction *instanter* for a part of the debt on the dissolution of the first, he will not be mulct in damages.

This case commenced by injunction. The defendant, Friend, by his attorney took out execution on a 12 months bond signed by P. G. Oliver, as principal, and by the plaintiff, and two others as sureties, under which plaintiff's property has been seized by the sheriff to satisfy the entire bond. He avers he only signed as surety and cannot be liable for more than his share, to at least one third. He further states that the defendant held up his execution and gave a prolongation of time to the principal in the bond, until he gathered and disposed of his crop, and is now insolvent. He prays that Friend, and the sheriff be enjoined and prohibited from proceeding in said seizure, and that he be released from all liability on the bond, and the injunction be made perpetual.

The defendant pleaded the general issue, and called on the plaintiff to prove his allegations in a summary manner, and that the injunction be dissolved with damages.

The evidence showed that a quantity of cotton had been shipped by Oliver, the principal in the bond, to the knowledge of Friend and his attorney, which should have been seized, as it was shipped long after the bond became due.

There was judgment dissolving the injunction, with ten per cent. interest; and 50 dollars as special damages for attorney's

fee, against the principal and surety *in solido*. The plaintiff appealed.

*Garrett*, for the plaintiff.

*Copley*, for the defendants.

*Bullard, J.* delivered the opinion of the court.

The plaintiff having signed a twelve months bond, as surety of Oliver, together with two other sureties, in favor of Friend, and execution having issued upon it, and levied upon the plaintiff's property, he obtained an injunction to stay proceedings, on the allegation that he signed the same as joint surety with his co-sureties, Robertson and Warfield, who became equally and jointly bound with him, and that he is in no event bound for more than one third; but that the sheriff has seized more property than is necessary to pay the whole bond. He further alleges that he is not liable for any part of the bond, because after it fell due on the 24th day of July, 1840, Friend, the obligee, granted a prolongation of term of payment to Oliver, the principal, without the consent of the plaintiff his surety; and agreed and promised to wait with him until he should have gathered his cotton and corn crop, then growing on the land which was mortgaged to secure the payment of the twelve months bond; and that an execution which had issued upon the bond was returned into the clerk's office, by order of Friend's counsel, that the crop was more than sufficient to pay the whole bond, and that in consequence of the laches of Friend he can no longer subrogate the surety in his action against the principal who has become insolvent.

The injunction was dissolved with damages, and the plaintiff appealed.

The first ground upon which the injunction was granted, is clearly untenable. Sureties upon bonds taken in judicial proceedings are bound *in solido*, being entitled neither to discussion nor division.

Sureties in bonds taken in judicial proceedings are bound *in solido*; being entitled to neither division nor discussion: so several sureties in a 12 months bond are each bound for the whole sum.

WESTERN DIS.
October, 1841.

WOODBURN
vs.
FRIEND ET AL.

The facts shown in relation to the second ground, 'to wit: the granting of prolongation of the term of payment to the principal debtor without the consent of the surety, are, that an execution was issued in August, not long after the bond fell due; that it was not served, and was finally returned in November or December; and that in the meantime the crop of Oliver, the principal, amounting to about sixty bales, was disposed of, and that ten bales of it went into the hands of Mr. Copley, the attorney of Friend, who had ordered out the execution, and who afterwards personally took it to the office after it had run out, and the deputy clerk swears, *wished him to alter the dates*, which witness declined. It appears that Friend agreed to suspend the execution if Hempkin would agree to it, and that the execution was not levied. It is further shown that Mr. Copley received two hundred dollars for Friend, which was paid by order of Oliver by Mr. Bry, who had shipped the crop.

*Where the creditor does not suspend his execution so as to put it out of his power, or the surety (if he should pay,) to pursue the debtor, it is no prolongation of the time of payment.*

In the case of Huie vs. Bailey, which was a much stronger one than this, we held, that permitting the principal debtor to go to Texas without the consent of the endorser, upon a promise to pay on his return, did not discharge the latter. In all such cases there must be a suspension of the right to sue by a valid contract, for if the surety might at any moment pay and pursue the debtor under the legal subrogation, he is not discharged by the delay accorded to the debtor. We cannot regard the two hundred dollars paid the attorney, as a consideration for suspending the execution, because this is not proved. 16 La. Rep. 219.

*When it appears in the progress of the trial, that a payment has been made of part of the debt; although the injunction may have to be dissolved for want of an allegation of payment, yet a new one for this amount should be granted and perpetuated.*

The injunction was properly dissolved, but as it appeared in the progress of the trial that $200 had been received by the counsel of Friend, for that amount the court ought in our opinion, at once to have granted a new injunction, and if it had been made the subject of complaint in the petition, would have authorized the court to perpetuate the injunction *pro tanto*, and in that event no damages could have been given under the act of 1831. 11 La. Rep. 483.

Equity forbids that under such circumstances the party should be mulcted in heavy damages in obedience to the literal tenor of the statute; for it amounts to the same thing whether the first injunction be partially sustained or a new one allowed *instanter*.

It is therefore adjudged and decreed that the judgment of the District Court be avoided and reversed, and proceeding to render such judgment as ought, in our opinion, to have been given below; it is further adjudged and decreed that the injunction be dissolved with costs, except for the sum of two hundred dollars for which it is rendered perpetual, reserving to the plaintiff the right, if any he have, to be further credited for the ten bales of cotton alleged to have been delivered to the attorney of the defendant, and, that the defendant pay the costs of this appeal.

WESTERN DIS.
*October*, 1841.

