(173 App. Div. 795)

### NATIONAL SURETY CO. v. BREUCHAUD.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. JUDGMENT ⬅➡714(3)—RES JUDICATA.
   In a surety company's action to recover a second installment of the premium of its bond, the judgment for it in its action to recover the first installment of the premium is res judicata upon the question of defendant's liability.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1240; Dec. Dig. ⬅➡714(3).]

2. PRINCIPAL AND SURETY ⬅➡175—COUNSEL FEE—"BY REASON OF SURETYSHIP."
   A counsel fee paid by a surety company in its action to recover the first installment of the premium on its bond was not an expense arising "by reason of such suretyship," within the agreement that the indemnitor would save the surety harmless against every claim, liability, cost, etc., "against it by reason of suretyship," so that in defendant's action to recov-

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

er the second installment of the premium the surety could not recover the counsel fee paid in the first.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 505–509; Dec. Dig. ☞175.

For other definitions, see Words and Phrases, First and Second Series, By Reason of.]

Appeal from Trial Term, New York County.

Action by the National Surety Company against Jules Breuchaud. From a judgment for plaintiff, defendant appeals. Judgment reduced, and, as modified, affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Vance Hewitt, of New York City, for appellant.
William R. Page, of New York City, for respondent.

PAGE, J. The plaintiff's assignor, the Empire State Surety Company, entered into an agreement with the defendant to become his bondsman upon certain contracts with the city of New York. It was provided in the said agreement that the indemnitor "will at all times indemnify and save the surety harmless from and against every claim, demand, liability, cost, charge, expense, suit, order, judgment, and adjudication whatsoever, and will place the surety in funds to meet every claim, demand, liability, cost, charge, expense, suit, order, judgment or adjudication against it by reason of such suretyship."

[1] Various bonds were furnished by the Empire State Surety Company pursuant to this agreement. While the defendant's contract with the city, for which these bonds were furnished, was still uncompleted, the Empire State Surety Company became insolvent, reinsured its risks in the plaintiff company, and assigned its contract with the defendant and all its rights thereunder to the plaintiff. Thereafter the defendant refused to pay the premium on the bonds to the plaintiff on demand. An action was brought for the recovery thereof, which resulted in a judgment for the plaintiff, which was affirmed by this court. Nat. Surety Co. v. Brouchaud, 165 App. Div. 395, 150 N. Y. S. 826. The present action is brought to recover a second installment of the premium of the same bond, and upon the question of defendant's liability therefor the former judgment is res adjudicata.

[2] The plaintiff has included in its cause of action, however, the sum of $650 paid by it as counsel fees in the action for the prior installment of the premium, and the judgment herein includes that item. The respondent attempts to justify this item under the provision of the indemnity agreement quoted above, claiming that it is an expense arising "by reason of such suretyship," within the meaning of the contract. I am of the opinion that this item cannot be said to be an expense arising out of the suretyship and was erroneously allowed. The cause of action in which the said expense was incurred arose, not out of the suretyship, but out of a breach of the indemnity agreement by the defendant failing to pay the premium in accordance therewith. It is true that, had no suretyship been assumed, no such controversy could have arisen, but the controversy was entirely collateral to the suretyship itself.

At the close of the case the plaintiff's attorney moved for the direction of a "verdict in favor of the plaintiff for the premium of $1,364.-45, with interest amounting to $128.46, and also for the counsel fee of $650, with interest from the date of the commencement of this action, which amounts to $34.43, making a total of $2,177.39." The learned trial justice granted the motions in full. He should have granted the first motion, and denied the second.

The judgment should be reduced by $684.45, and, as so modified, affirmed, with costs to the appellant. Order filed. All concur.