[No. 18342.   Department Two.   October 2, 1924.]

AMERICAN SURETY COMPANY OF NEW YORK, *Respondent*,

v. ROBERT HEETHER, *Appellant*.[1]

INSURANCE (121, 169)—INDEMNITY INSURANCE—ACTION AGAINST
PRINCIPAL—COMPLAINT—SUFFICIENCY. In an action upon an in-
demnity bond creating a liability for monies "stolen or embezzled"
by the insured, the complaint is sufficient if it sets out facts con-
stituting embezzlement, without further explanation or use of the
precise words in the bond.

SAME (121, 184) — INDEMNITY INSURANCE — EVIDENCE — SUFFI-
CIENCY. A recovery against a lodge officer upon his bond for the
amount of his shortage, paid by his surety in the bond, is sustained
by evidence of his shortage; and it is immaterial that the bond
made the lodge auditor's record conclusive evidence of the fact of
loss, where the court gave it only the force of prima facie evidence
and there was other evidence of the loss.

ATTORNEY AND CLIENT (39)—INSURANCE (121)—STIPULATION FOR
ATTORNEY'S FEES—RECOVERY. A special attorney's fee of $75 may be
allowed in an action on an indemnity bond stipulating therefor in
case of suit, in view of Rem. Comp. Stat., § 475, allowing such fees
agreed upon in any written contract for the payment of money.

TRIAL (32)—REOPENING CASE—DISCRETION. It is discretionary
to reopen a case to permit the defendant to offer evidence after
having rested without any evidence.

'Reported in 228 Pac. 857.

Cross-appeals from a judgment of the superior court for Franklin county, Truax, J., entered September 5, 1923, in favor of the plaintiff, in an action for money paid, tried to the court. Affirmed.

*Chas. W. Johnson,* for appellant.

*Driscoll & Horrigan,* for respondent.

FULLERTON, J.—The defendant, Robert Heether, was a member of the Brotherhood of Railroad Trainmen. On June 29, 1920, he was elected treasurer of Pasco Lodge No. 667 of that order. As such treasurer he was obligated by the rules of the order to furnish a bond, conditioned to faithfully account for all monies belonging to the order coming into his possession as such treasurer. He applied for and was furnished a bond by the plaintiff, American Surety Company. The application contained, among others, the following recital, which, on the approval of the application by the company, became a condition of the suretyship, namely:

"I also agree that said Company may accept the vouchers and sworn statement of accounts submitted by the Brotherhood of Railroad Trainmen in support of any claim under the bond herein applied for, or any renewal or continuation thereof, or any bond that said Company may issue in my behalf, as satisfactory proof of the correctness of the claim, and sufficient evidence to justify the payment of the same by said Company, and a statement of the amount of any such payment and all expenses incurred by said Company in the investigation of any such claim under any of said bonds properly sworn to as correct, by an officer of the Brotherhood of Railroad Trainmen, shall be conclusive evidence against me of any liability to said Company, as hereinbefore expressed."

After his election Heether assumed the duties of the office, and held the office until his successor was elected

on January 9, 1922. Before the new officer took charge, the local lodge became suspicious that Heether had not properly accounted for all of the funds of the lodge received by him, and appointed a committee to audit his books. This committee, after an examination in which the appellant refused to take a part, reported an apparent shortage in a considerable sum, and recommended that the accounts be audited by an officer of the grand lodge. Such an audit was had, the officer reporting a shortage of $437.12. This report was exhibited to the surety company, and that company paid to the local lodge the amount so found to be unaccounted for in satisfaction of its liability under its bond.

The present action was instituted by the insurance company against Heether to recover the sum so paid. Issue was joined on the complaint by Heether and a trial was entered upon by the court sitting with a jury. At the conclusion of the surety company's case in chief, Heether, through his counsel, declined to introduce any evidence, and moved that the cause be withdrawn from the jury and determined by the court. The surety company thereupon moved for a directed verdict in its favor. The court declined to direct a verdict, and granted Heether's motion to withdraw the case from the jury. It thereupon took the case under advisement, and later on filed a written opinion in which it directed a judgment in favor of the surety company for the amount demanded in its complaint. Before the judgment was entered, Heether moved to reopen the case with leave to introduce evidence on his own behalf. This motion the court granted, whereupon the trial was continued before the court. At the conclusion of the trial, the court found that Heether had failed to account for monies received by him in the

sum of $371.96, and for this sum entered a judgment in favor of the surety company, with costs and a special attorney's fee in the sum of $75. From this judgment, both sides appeal.

Noticing the appeal of Heether, his first contention is that the complaint does not state facts sufficient to constitute a cause of action. The bond created a liability for monies "stolen or embezzled," and for monies "lost by the deliberate culpable negligence" of the insured. The draughtsman of the complaint did not use either of these phrases in stating the cause of action. He simply alleged that Heether, as treasurer of the lodge, received certain money belonging to the lodge and had failed and refused to account to it for the money so received, to the extent of the amount demanded. But without following the argument of counsel, we deem the complaint sufficient. It stated the facts, and the facts so stated, without further explanation, constitute embezzlement. It was not necessary that the pleader use the precise words of the bond in stating its cause of action. Words of equivalent meaning are sufficient. Furthermore, the facts of the case are now before us, and were it necessary we would be required, in accordance with the mandate of the statute, to consider the complaint amended to conform to the facts.

The next objection is that the evidence is insufficient to support the judgment entered by the court. But here again we think we need not follow the argument of counsel. That the defendant was short in his account to the extent in which he is charged by the judgment of the court is not only shown by the audit made by the auditor of the grand lodge, but by a subsequent audit of his books after the institution of the action. In addition, there was independent evidence of a short-

age, as well as admissions of the defendant to the same effect.

It is argued in this connection that the clause in the application which we have quoted, in so far as it undertakes to make the report of an auditor conclusive evidence of the fact of loss, is void as against public policy, and hence the reports are not competent evidence of the shortage. A case is cited which seemingly holds that a report made under an agreement of this sort could have no greater effect than *prima facie* evidence, conclusive only in the absence of contravening evidence. But the trial court gave it no greater effect than *prima facie* evidence. It did not deny to the defendant the right to show that he was not in fact short in his accounts with his principal. On the contrary, it gave him the fullest opportunity to show in what manner the funds he received were expended, and found against him for only such sums as he could not satisfactorily account. But the question is of little moment. As we have said, there was competent evidence of a shortage independent of the auditor's reports.

The defendant also complains of the allowance of a special attorney's fee. But the bond contained a stipulation for such a fee in case the surety company should sustain a loss on the bond and be compelled to sue the insured for the recovery of the loss. While stipulations of this sort are held void as against public policy in certain jurisdictions (8 C. J. 148-149), the general rule is the other way and this court has followed the general rule. The right of recovery in such a case is also recognized by our statutes (Rem. Comp. Stat., § 475) [P. C. § 192]. Nor is the rule confined to promissory notes and mortgages, as the defendant seems to contend. The stipulation is valid when found in

any form of written instrument which calls for the payment of money.

The surety company on its appeal complains of the action of the court in reopening the case and permitting the defendant to offer evidence on his own behalf. But we find no error in this respect. The question was one within the discretion of the court, and clearly the discretion was not abused.

The judgment is affirmed.

MAIN, C. J., BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.