**SANGER BROS. v. FIDELITY & DEPOSIT CO. OF MARYLAND. (No. 9934.)**

Court of Civil Appeals of Texas. Dallas. April 2, 1927.

Rehearing Denied April 30, 1927.

**I. Appeal and error ⟐719(5)—Court of Civil Appeals will not consider propositions on exceptions to admission and exclusion of evidence, where no error was assigned (rule 30 for Courts of Civil Appeals).**

Court of Civil Appeals will not consider propositions based on bills of exception taken to action of trial court in admitting and excluding evidence over objections, where no error was assigned thereon, under rule 30 for Courts of Civil Appeals.

**2. Insurance ⟐180—Principal, giving bond as defendant, held bound by terms of application to pay surety annual premium.**

Principal on bond given by it as defendant to plaintiff in suit to obtain release of goods seized *held* bound by terms of application to pay surety annual insurance premium during pendency of litigation while bond remained in force.

**3. Insurance ⟐188(3)—Surety company held not entitled to recover fees and costs of suit for premiums, under application agreement to pay expenses consequent to execution of bond.**

Surety company *held* not entitled to attorney's fees and expenses of suit for premiums

against principal, to whom it furnished bond under application containing agreement to pay all expenses and counsel fees in consequence of execution of the bond; the covenant to pay expenses referring to losses as surety.

Error from Dallas County Court; W. M. Cramer, Judge.

Action by the Fidelity & Deposit Company. of Maryland against Sanger Bros., a corporation. Judgment for plaintiff, and defendant brings error. Reformed and affirmed.

Davis, Synnott & Hatchell, of Dallas, for plaintiff in error.

Albert B. Hall, of Dallas, for defendant in error.

LOONEY, J. The Fidelity & Deposit Company of Maryland sued Sanger Bros. for $375, five annual premiums of $75 each on a surety bond executed by plaintiff at the instance and for the benefit of defendant, also for $150 attorney's fees, and $3.05 other expenses incident to this suit.

Defendant contended that the bond executed by plaintiff was for the term of only one year and was never renewed; but, if in this defendant was mistaken, that plaintiff executed the bond in consideration of only one premium of $75, which had been paid. Furthermore defendant contended that, if the written application for the bond and the bond, either or both, can be construed as meaning that defendant agreed to pay more than one premium of $75, any language admitting of such construction was inserted as the result of mutual mistake, or with the intent and purpose of defrauding defendant. At the conclusion of the evidence the court directed a verdict for the plaintiff, which resulted in the judgment appealed from

[1] Defendant below (plaintiff in error here) urges several propositions based on bills of exceptions taken to the action of the court in admitting and excluding evidence over its objections; but these cannot be considered, for the simple reason that no error was assigned thereon. We are not at liberty to consider propositions based alone on bills of exceptions, and not germane to errors, either fundamental or regularly assigned. Rule 30 for Courts of Civil Appeals.

Plaintiff in error assigns error on the refusal of the court to submit several special issues at its request. These issues were not, in our opinion, authorized by the evidence; therefore the court committed no error in refusing the requests.

Plaintiff in error also complains of the action of the court in directing a verdict for the plaintiff. This presents the only question that will be discussed. The evidence justifies the following conclusions:

On March 2, 1920, the Cotton Concentration Company, a corporation, of Galveston,

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Texas, filed suit in the district court of Galveston county against the Erie Corporation, Sanger Bros., and others on a claim amounting to $13,804, and, asserting a lien on certain goods, wares, and merchandise belonging to the defendants, asked for and secured the appointment of a receiver, who took possession of said property, including merchandise belonging to Sanger Bros. Sanger Bros. was required to give bond in order to secure the release of its goods from the custody of the receiver, and to this end applied to plaintiff company to become its surety. The material provisions of the application for the bond are these:

"I certify that the answers given in the foregoing interrogatories are true, and in consideration of the Fidelity & Deposit Company of Maryland executing the bond herein applied for I do hereby covenant and agree to pay the premium or fees hereinafter agreed upon, viz. seventy-five dollars ($75.00) per annum, in advance, and pay the said company any and all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever nature which said company shall or may for any cause at any time sustain or incur or be put to for or by reason, or in consequence of said company having entered into or executed said bond."

The pertinent provisions of the bond are as follows:

"Know all men by these presents that Sanger Bros., a corporation duly incorporated under and by virtue of the laws of the state of Texas, as principal, and Fidelity & Deposit Company of Maryland, as surety, are held and firmly bound unto the Cotton Concentration Company, a corporation duly incorporated under and by virtue of the laws of the state of Texas, in the sum of seventy-five hundred dollars ($7,500), for the payment of which well and truly to be made at Galveston, Galveston county, Texas, we hereby bind ourselves, our successors, executors, heirs, and assigns, firmly by these presents."

This is followed by recitations in regard to the filing of the suit in the district court of Galveston county, the purposes of the suit, the fact that a receiver had been appointed, who was in possession of certain goods owned by Sanger Bros., and that the latter was desirous of having said merchandise released, etc.; then the obligatory provision, as follows:

"Now, therefore, if the above-bounden principal shall well and truly pay any amount that may be adjudged against it in said cause, together with interest thereon, and any costs that may be adjudged against it in said receivership proceedings, then this obligation to be void; otherwise, to remain in full force and effect."

When the present suit was instituted, the case filed in the district court of Galveston county to which Sanger Bros. was a party was pending, and five annual premiums on the surety bond were overdue and unpaid. Plaintiff below incurred $3.05 expenses incident of this suit, and obligated itself to pay its attorney a reasonable fee, which was shown to be $150.

[2] As we view the matter, the application for the surety bond executed by Sanger Bros. obligated it to pay plaintiff an annual premium of $75. The bond was not written for any particular term; in fact, could not have been, in the nature of the case, in that the duration of the litigation out of which the bond case arose was uncertain. The bond executed under these circumstances was intended to fit into the conditions as they existed, and to remain in force so long as the case to which it related was pending against Sanger Bros.

[3] In view of these facts, and the evident meaning of the written instruments, we hold that the court reached the only conclusion that could have been arrived at, and did not err in permitting a recovery for the unpaid premiums, but the right of plaintiff to recover attorney's fees and expenses incident to the prosecution of this suit presents an entirely different question. Recovery of these items is based on the provisions of the application for the surety bond, that obligated Sanger Bros. "to pay the said company any and all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever nature which said company shall or may for any cause, at any time, sustain, incur, or be put to, for or by reason or in consequence of said company having entered into or executed said bond." The contention is made that the attorney's fee and expenses were incurred in consequence of plaintiff having entered into this bond. In a remote sense, this is true; but it is not true, in our opinion, within the meaning of the quoted provision of the application. The purpose of this covenant was to obligate Sanger Bros. to reimburse plaintiff for certain losses and expenses that might be incurred by it in discharging its liability as surety; but plaintiff suffered no loss as surety, and has paid nothing as such.

It is our opinion, therefore, that the court erred, in so far as a recovery for $153 was permitted for these items of expense incurred incident to the prosecution of this suit. The judgment of the court below will therefore be reformed, by eliminating $153.05, and, as reformed, is affirmed. All costs incurred in this court and the court below, incident to this appeal, will be taxed against appellee.

Reformed and affirmed.