LAND, Justice.
 

 ■On June 24, 1925, plaintiff company signed a statutory bond for the Jefferson Construction Company, contractor for an addition to the building of (he O.
 
 K.
 
 Storage & Transfer Company, and, on the same date, defendant signed “a contract of Indemnity and Personal Warranty” in favor of plaintiff company.
 

 Plaintiff company sues defendant on this contract to recover the sum of $2,367.93, item- ■ ized as follows:
 

 (a) Premium on bond for Jefferson Construction Company ................... $1,052.93
 

 (b) Attorneys’ fees by reason of or in consequence of said .bond ................... 1,000.00
 

 (c) Attorneys’ fees on account of present suit ............ 250.00
 

 (A) Premium of appeal bond signed by American Surety Company .............. 52.50
 

 (e) Cost of printing brief on appeal in suit of American Sheet Metal Works against contractor and surety .............'____ 12.50
 

 Total........ $2,367.98
 

 From a judgment in favor of plaintiff company for the sum of $2,065, with legal interest, defendant has appealed, and plaintiff company has answered the appeal and prays that the judgment be increased to the full amount originally claimed.
 

 1. The contract of indemnity and personal warranty signed 'by defendant is as follows:
 

 “This agreement, made the twenty-fourth day of June, 1925, by and between William A. Bisso of New Orleans, Louisiana, hereinafter called the Indemnitor, and The Fidelity and Casualty Company of New York, hereinafter called the Company, witnesseth:
 

 “Whereas at the special instance and request of the Indemnitor and on the security
 
 *59
 
 of this agreement, the Company is or is to become surety for Jefferson Construction Co., Inc., of 823 Poydras St., New Orleans, La., on a certain bond running in favor of O. K. Storage & Transfer Company, a copy of which is attached hereto and made part hereof;
 

 “Now, therefore, in consideration of the premises and of the sum of one dollar in hand paid by. the Company to the Indemnitor, the receipt of which is hereby acknowledged, the Indemnitor hereby agrees and binds himself and his heirs, executors, administrators, successors, and assigns, as follows:
 

 “1. That the Indemnitor within thirty days after the execution of this agreement shall and will pay the Company One Thousand fifty-two 98/100 dollars, unless the said amount is otherwise previously paid. * * * ” The remaining part of this stipulation relates to the payment of other annual premiums thereafter, and has nothing to do with this ease, as plaintiff company sues only for the premium paid on the first bond.
 

 It is clear that the liability of defendant for the premium of $1,052.98 on the bond be- • came fixed, definite, and certain after the lapse of 30 days from June 24, 1925. Defendant does not pretend that the Jefferson Construction Company, the contractor, has paid this premium, nor does the evidence show that either the Jefferson Construction Company or plaintiff company gave to defendant any extension of time, either before or after the premium became a matured liability upon the part of defendant The mere fact that plaintiff company delayed suing defendant for the amount of the premium until January 9, 1931, cannot, in our opinion, affect the right of plaintiff company to recover in this case, any more than forbearance in suing on a matured note would discharge the surety or a mere failure to execute judgment would release the codebtor. Howard v. Finney, 32 La. Ann. 1305; Manice v. Duncan, 12 La. Ann. 715; Monroe v. Richmond, Man. Unrep. Cas. 278; Woodburn v. Friend, 19 La. 496.
 

 The trial judge, in allowing a premium of only $1,000, evidently overlooked the fact that the amount of the premium is $1,052.98. There is no dispute as to the amount due for the premium; the only issue being the liability of defendant for same. Plaintiff is therefore entitled to recover the full amount of the premium.
 

 2. Paragraph 2 of the contract of indemnity and personal warranty provides: “That the Indemnitor shall and will at all times indemnify and keep indemnified the Company from and against any and all claims, demands, losses, damages, costs, charges, counsel fees, expenses, suits, orders, judgments, and adjudications whatsoever, that the Company shall or may for any cause at any time sustain or incur by reason of or in consequence of the said bond or any renewal thereof or any new bond issued in continuation thereof or as a substitute therefor ; and the Indemnitor further covenants and agrees to place the Company in possession of funds whenever necessary for the Company’s protection against such claims, demands, losses, damages, costs, charges, counsel fees,, expenses, suits, orders, judgments, and adjudications whatsoever; and to
 
 *61
 
 pay the Company, before the Company shall be compelled to pay the same, all damages, losses, costs, charges, counsel fees, and expenses for which the Company shall become liable by reason of, or in consequence of, the said bond or any renewal thereof or any new bond issued in continuation thereof or as a substitute therefor.”
 

 It is provided in paragraph 7 of the contract of indemnity and personal warranty, signed by defendant: “That the Indemnitor upon requesting the Company to prosecute, defend, or take part in any action, suit, proceeding, appeal, or writ of error, will place in possession of the Company funds or securities sufficient to cover any costs, charges, and expenses that the Company may incur in complying with said request and also sufficient to cover the amount of any liability, order, adjustment, or adjudication that may result from a compliance with the said request.”
 

 It is provided in paragraph 9 of the contract of indemnity and personal warranty, signed by defendant: “That the Company shall decide whether or not it is liable on account of each and every matter arising under said bond or any renewal thereof or any new bond issued in continuation thereof or as a substitute therefor, and shall determine the amount of its liability in ease that it decides that it is liable. It shall settle or compromise any claims and defend, settle, or compromise any suits, and take such other action in connection with each and every matter arising under said bond or any renewal thereof or any new bond issued in continuation thereof or as a substitute therefor, as it may deem expedient. Every such decision, determination, settlement, compromise, de7 fense or other action of the Company shall be final and conclusive and unconditionally binding upon the Indemnitor.”
 

 Defendant contends that the indemnity agreement does not cover the payment of the surety’s own attorneys in any event, that the only place in which attorneys’ fees are specifically called for is in paragraph 2, and that the fees there referred to mean statutory attorneys’ fees under Act No. 225 of 1918.
 

 Defendant argues that, since the indemnitor agreed to indemnify the company against “claims, demands, losses, damages, costs, charges, counsel fees, expenses and adjudications,” the word “adjudications” is used to sum up what went before, and that the only counsel fees covered are those that are or may be the subject of an adjudication against the surety arising out of the bond.
 

 We cannot concur in this interpretation of the clause in the indemnity contract relative to attorneys’ fees. This clause, quoted in full, is as follows: “That the Indemnitor shall and will at all times indemnify "and keep indemnified the Company from and against any and all claims, demands, losses, damages, costs, charges, counsel fees, expenses, suits, orders, judgments and adjudications whatsoever, that the Company shall or may for any cause at any time sustain or incur by reason of or in consequence of the said bond.
 

 The clause as to attorneys’ fees clearly binds the defendant to indemnify plaintiff company “against any and all attorneys’ fees, whatsoever,” sustained or incurred by reason of or in consequence of the bond, and cannot
 
 *63
 
 be limited to statutory attorneys’ fees under Act No. 225 of 1918.
 

 Tbe language of this clause as to attorneys’ fees is of the broadest and most unlimited character, and clearly includes the fees of attorneys employed by the surety. The word “adjudications’’ in the clause is mentioned, in our opinion, as a mere single item among those enumerated for which indemnity can be claimed, and must be made by defendant, and not as a term restricting the recovery of attorneys’ fees to such fees only as must be sued for and adjudicated to be due, under Act No. 225 of 1918, as a penalty against the surety for failure to pay timely any claim that the surety may justly owe.
 

 Besides, the parties to the indemnity agreement would have naturally limited attorneys’ fees to those recoverable under Act No. 225 of 1918, if such had been their intention.
 

 There is no dispute as to the quantum of attorneys’ fees paid by the surety. The sum of $1,000 paid is admitted to be reasonable, and the evidence shows clearly that this fee was incurred “by reason of and in consequence of the bond,” for services rendered by the surety’s attorneys, covering the space of several years. These services consisted of numerous conferences with attorneys in effecting the compromise of a number of liens filed against the building of the O. K. Storage & Warehouse Company, the obligee of the bond signed by plaintiff company; in defending four suits brought by lienors against the contractor and surety; in looking after new mortgage and lien certificates; in preparing all cancellations of lien; and in preparing a contract with the O. K. Storage & Warehouse Company with reference to replacement of brick on account of the color, etc.
 

 In our opinion, the plaintiff company is entitled to recover the fee of $1,000 paid its attorneys, as same is clearly covered by the contract of indemnity.
 

 3. But the fee of $250, claimed by plaintiff company for services of attorneys in the present suit on the indemnity contract, is not a fee incurred “by reason of or in consequence of the bond,” since the suit is not against the surety, or the contractor, but is brought solely by the surety in its own interest against the indemnitor. -
 

 This fee was properly rejected by the lower court.
 

 4. In the suit of the American Sheet Metal Works in the civil district court against the contractor and surety, the defendant was called, in warranty and requested plaintiff company to defend -the suit. Judgment was rendered against the surety, and in favor of the surety, on its call in warranty, against the defendant, the indemnitor. The case was appealed to the Court of Appeal at the instance of the indemnitor, and a brief was prepared by the attorneys of the surety company. The premium of $52.50 on the appeal bond, signed by the American Surety Company, is admitted by defendant to be due and correct, but defendant denies liability for the item of $12.50, cost of printing brief on appeal, for the reason that the brief was not filed, appellant made no appearance, and the judgment of the district court was affirmed.
 

 It appears from the evidence that the appeal was taken in the American Sheet Metal
 
 *65
 
 Works Case on the faint hope of having the judgment reversed as to a small item of a few dollars, the cost of several boxes of tacks, and thereby save the statutory attorneys’ fees.
 

 The surety’s attorney, representing defendant also, appeared before the Court of Appeal, but did not file a brief or argue the case, as he did not wish to embarrass himself by arguing defendant’s contention about the tacks before the Court of Appeal, and doubted seriously if he could win the case on the contention made by defendant. The additional attorney, employed by defendant himself, also became discouraged, and did not file a brief or put in an appearance before the Court of Appeal.
 

 As defendant requested plaintiff company to defend the suit and prosecute the appeal, defendant is liable, under paragraph 7 of the indemnity contract above quoted in this opinion, as it was a necessary expense incurred at the instance of defendant himself. This item was properly allowed by the court below.
 

 The only error in the judgment appealed from is in placing the premium paid on the bond furnished by the surety at $1,000, instead of the sum of $1,052.98, the amount of premium actually paid, or a difference of $52.98.
 

 It is therefore ordered that the judgment appealed from be amended by increasing the amount of same from $2,065 to $2,117.98.
 

 It is now ordered that the judgment as amended be affirmed, and that defendant pay all costs of appeal and of the lower court.
 

 O’NIELL, O. J., absent.