264

## INDEMNITY INS. CO. OF NORTH AMERI-CA v. McMILLAN.
### No. 2355.

Court of Civil Appeals of Texas. Waco.
June 26, 1941.

Malone, Lipscomb, White & Seay and John Plunket, all of Dallas, for appellant.

J. L. Turner, of Dallas, for appellee.

RICE, Chief Justice.

This suit was originally brought by Indemnity Insurance Company of North America against W. R. McMillan in one of the Justice Courts of Dallas County for the recovery of $125 alleged to be due plaintiff by defendant under the terms of an indemnity contract. From a judgment in favor of defendant plaintiff appealed to one of the County Courts of Dallas County, where, on a trial before the court, a jury being waived, judgment was again rendered in favor of defendant, from which plaintiff has perfected its appeal to this court.

From the undisputed facts it appears that defendant was appointed by the Probate Court of Dallas County as administrator of the estate of W. R. Griggs to succeed a former administrator who had been removed. The order of appointment required defendant to execute bond in the sum of $1,000 as administrator, and defendant made application in writing to plaintiff to execute such bond as his surety. In said application, and as an inducement to plaintiff to execute said bond as surety and as part consideration therefor, defendant, among other things, agreed:

"I certify that the answers given to the foregoing interrogatories are true, and in consideration of the Indemnity Insurance Company of North America consenting or agreeing to execute or guarantee the bond herein applied for, I do hereby covenant, promise and agree * * * to pay the said Company any and all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature which said Company shall or may, for any cause, at any time, sustain or incur, or be put to, for, or by reason, or in consequence of said Company having entered into or executed said bond. * * *

"And I do further agree, if any suit is brought on the bond herein applied for, to permit said Company to employ its own counsel or attorney to defend such suit, and to repay to said Company the fee of said counsel or attorney, and all other costs and expenses to which said Company may be put in defense of such suit."

Plaintiff thereafter executed said bond, it was approved by the court, and defendant qualified as administrator of said estate. Acting under the orders of said court, he sold the real property of said estate, and thereafter made his final report and was discharged. Thereafter, the City of Dallas, claiming a paving assessment lien against the real property which had been sold by defendant as administrator, as above stated, brought suit in the District Court of Dallas County against defendant, the plaintiff herein as surety on his bond, and the purchasers of said property, to recover the amount due on such paving assessment in the sum of $515, on the theory that the City was damaged in said sum by defendant's failure as administrator to notify it, as a lien creditor of the W. R. Griggs estate, of the latter's death; that it was the duty of defendant as administrator to give such notification, and that, because of his breach of such duty, it had been prevented from filing its claim against the estate within the statutory period of time.

Plaintiff referred the citation served upon it to its attorneys in Dallas, who thereupon filed an answer for plaintiff and performed such other legal services as were necessary during the four years the suit was pending, finally settling and obtaining a dismissal of the case as against it by paying to the City the sum of $25. Plaintiff paid its attorneys for their services in said cause the sum of $100, for all of which it sought recovery of defendant in this case.

Defendant contended that he was not liable because he, as administrator, had no knowledge of the claim of the City of Dallas against the estate of his intestate; that the City's claim against said estate was never presented to him, but to a former administrator of said estate, who failed to allow said claim or to return it to the City; that the act of the former administrator, and not that of the defendant, resulted in the alleged damage to the City; that the suit brought by the City was never tried, was dismissed as to all parties except defendant and as to him was still pending; that it had never been legally established that such claim should be paid by defendant or anyone else; that it was not within the contemplation of the parties at the time of the signing of the indemnity contract sued on that defendant would indemnify plaintiff for the acts and failures of his predecessor administrator to discharge the duties of his office.

It was the defendant's theory, and apparently that of the Justice Court and the County Court on appeal, that defendant would only be liable to reimburse plaintiff for attorney's fees or any other sums in the event that plaintiff paid out said sums of money or incurred attorney's fees because of defendant's failure to discharge his duties as administrator; and, it not having been established that defendant had breached any duty devolving upon him as administrator, he was not liable to plaintiff for any amount.

Such, however, was not the obligation of the indemnity contract executed by defendant in consideration of the execution by plaintiff of his administrator's bond as surety. To the contrary, defendant agreed "to pay the said Company any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which said Company shall or may, for any cause, at any time, sustain or incur, or be put to, for, or by reason or in consequence of said Company having entered into or executed said bond." Said contract further provided: "And I do further agree that if any suit is brought on the bond herein applied for, to permit said Company to employ its own counsel or attorney to defend said suit, and to repay to said Company the fee of said counsel or attorney, and all other costs and expenses to which said Company may be put in defense of such suit."

■ It can hardly be questioned that the suit brought by the City of Dallas against the defendant, and the plaintiff as surety upon his said bond, for damages alleged to be due the City by reason of defendant's failure to perform some of the duties of his office, was a suit in consequence of the plaintiff having entered into and executed said bond as surety, and that the defendant was obligated by the indemnity contract to reimburse plaintiff for such reasonable expenditures it in good faith made for attorney's fees in defending said suit. Fidelity & Casualty Co.

of N. Y. v. Harrison, Tex.Civ.App., 274 S.W. 1002; Sanger Bros. v. Fidelity & Deposit Co. of Maryland, Tex.Civ.App., 293 S.W. 1114; Southwest Nat. Bank v. Employers' Indemnity Corporation, Tex. Com.App., 12 S.W.2d 189; United States Fidelity & Guaranty Co. v. Jones, 5 Cir., 87 F.2d 346.

■ If plaintiff settled the liability asserted against it in said suit by the payment of a sum of money, then, we think that under the terms of the indemnity contract, plaintiff was entitled to recover of defendant such sum, if any (not in excess of the amount paid) as an ordinarily prudent person, in the conduct of his own business, and under the same circumstances, would have paid to settle such a liability asserted against him. Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App., 15 S.W.2d 544.

Counsel who represented plaintiff in said suit brought against it by the City of Dallas testified that he had been practicing in such city for a period of twenty-six years, and that for the services rendered plaintiff in said suit a fee of $100 was reasonable. No testimony was offered by defendant in respect to the reasonableness of such attorney's fee.

Defendant's pleadings, we think, were probably sufficient to question the good faith of plaintiff and its exercise of ordinary care in paying the sum of $25 to the City of Dallas to dismiss it from said cause, and to challenge the legal right of plaintiff to recover of him any part of the amount so paid in view of the attendant facts and circumstances, thereby raising issues of fact to be determined at the trial as to the reasonableness of the amount of the attorney's fee; and as to the amount of money, if any, a reasonably prudent person, in the conduct of his own business, and under the same circumstances, would have paid to settle such asserted liability.

■ It is the contention of appellant that the judgment in this case should be reversed and judgment rendered for it. We do not agree with this contention. It is apparent that the case was tried upon a wrong theory of the law, and we therefore can not say that it was fully developed.

Because of the error of the trial court in failing to allow plaintiff anything for its attorney's fee, this cause is reversed and remanded.