UNITED STATES FIDELITY & GUARANTY COMPANY v.
HAROLD N. FALK AND ANOTHER.
JOHN S. BAUMAN, APPELLANT.[1]

January 2, 1943.

No. 33,274.

[1]Reported in 7 N. W. (2d) 398.

*Stinchfield, Mackall, Crounse & Moore,* for appellant.
*Ernest E. Watson* and *S. S. Larson,* for respondent.

HILTON, JUSTICE.

Action by the surety on an executor's probate bond to recover of the principals on the bond the sum of $900, claimed to be the reasonable value of attorneys' fees expended by the surety for the alleged purpose of appearing in opposition to the petition of an heir of the estate to set aside the final account of the executors (defendants here) and questioning the propriety of their administration of certain assets of the estate. From a judgment for plaintiff against defendant Bauman on the pleadings as amended and after certain portions of the answer were stricken, Bauman appealed.

The pleadings allege the following facts. On February 19, 1927, Florence H. Vose died testate. Harold N. Falk and John S. Bauman were appointed coexecutors of the estate by the will. The estate was inventoried at more than $200,000. On April 19, 1927, Falk and Bauman made a written application to plaintiff for an executors' bond in the sum of $125,000. The bond was issued on the day of application. In applying for the bond and as a consideration therefor, Falk and Bauman covenanted with plaintiff as follows:

"To indemnify and save the Company harmless from any and all loss, costs, charges, suits, damages, counsel fees and expenses

of whatever kind or nature, which it shall or may, for any cause, at any time, sustain or incur, or be put to, by reason or in consequence of its having executed said bond."

The estate was administered, final account was allowed, and final decree of distribution was entered June 7, 1929. Subsequently, on November 20, 1936, one Ann Hill Grant, an heir at law, filed a petition in probate court praying that the decree of distribution be set aside and the executors compelled to make a proper accounting. Among other things, this petition alleged that the executors did not make an accounting of the proceeds received from certain checks totaling $111,421, but fraudulently and without legal authority converted the said sums to their own uses and purposes, and that the allowance of the final account and the discharge of the executors was made by the probate court upon false and fraudulent representations.

On November 21, 1936, the probate court issued an order directed to the executors and the surety company "to show cause, if any you have, why the relief demanded by said petition should not be granted." The company immediately notified the executors that the petition and order had been served and demanded that they appear and defend against the proceeding. The executors refused to defend for the reason that the proceeding was allegedly one merely to reopen the estate, and, if granted, they could then defend. And further, even if they and the surety were unsuccessful in the probate court, they could have appealed to the district court for a trial *de novo*. Nevertheless, the surety retained counsel and defended against the petition and order, and did so successfully.

The attorneys retained by plaintiff were the same as those who had represented the executors throughout the administration of the estate. These counsel rendered a bill for $1,751 for their services in defending against the petition and order to show cause. Plaintiff demanded that the executors pay this bill, which they refused to do. Subsequently the surety succeeded in compromising this expense for $900 and then paid the same. Upon due demand

of defendants that plaintiff be reimbursed in this sum and defendants' refusal to pay, this action was brought to recover this fee, alleged to be reasonable and incurred in an action the surety was obliged to defend. Defendant Bauman made separate answer to the complaint. Falk did not appear. Judgment for $1,254.15 in favor of plaintiff was entered pursuant to the orders of the trial court granting its motions as follows:

"(a) A motion for leave to amend the complaint by adding certain allegations, including a request for $300 additional attorneys' fees to plaintiff's counsel allegedly incurred by plaintiff in prosecuting this action * * *

"(b) A motion to strike out certain denials and allegations of the separate answer of defendant Bauman; and

"(c) A motion for judgment for plaintiff on the pleadings as so amended and as so stricken."

The questions raised are whether the court was justified (1) in ordering judgment against defendant Bauman without granting him an opportunity to answer the amended portion of the complaint; (2) in allowing the amendment to the complaint concerning attorneys' fees in *this* action; (3) in ordering judgment without requiring proof of the reasonable value of attorneys' fees claimed to have been paid in the prior action; and (4) whether defendant Bauman's answer was sham and frivolous.

■ The original complaint was brought to recover $900 alleged to be the reasonable value of attorneys' fees expended in the prior action. Upon the motion to amend the complaint, an additional attorneys' fee of $300 was sought, and judgment was ordered for plaintiff without giving defendant an opportunity to answer the complaint as amended. Plaintiff claims that defendant's original answer was considered an answer to plaintiff's complaint as amended. There is, however, nothing in the record to support any such theory. It is fundamental, as it is a matter of orderly procedure, that a party should be entitled to formulate and present by appropriate pleading what he claims the facts to be and to meet

his opponent's assertions by his own proof. Before judgment is entered against him this right should be accorded him. It is true that when a complaint is amended after answer, the defendant is not bound to answer *de novo.* Ermentrout v. American F. Ins. Co. 63 Minn. 194, 65 N. W. 270. And if he does not choose to do so, his original answer stands as his answer to the amended complaint. Kelly v. Anderson, 156 Minn. 71, 194 N. W. 102. But if he makes timely election to answer the pleading as amended, judgment may not be entered against him until he has had the opportunity to exercise that right.

■ Under the indemnity agreement quoted above, plaintiff claims that it can recover counsel fees incurred in prosecuting this action. Such an expense cannot be recovered under the general right of indemnity, which allows recovery of fees and expenses incurred only in defending a claim made by some third person against the principal. Hartford Acc. & Ind. Co. v. Dahl, 202 Minn. 410, 278 N. W. 591. Therefore, the claim here, for attorneys' fees expended in *this* action, is not within that principle. This is not an action on the bond, but is one predicated upon a separate contract embodied in the application by defendants to plaintiff for the bond. The question, then, is whether the agreement between the parties provided for the payment of such fees. It is clear that fees of attorneys cannot be recovered by the plaintiff in any action on contract without a specific agreement to that effect or unless such fees are authorized by statute. Stickney v. Goward, 161 Minn. 457, 201 N. W. 630, 39 A. L. R. 1216. Here the agreement provides for indemnification for counsel fees "by reason or in consequence of its having executed said bond." Nothing is said as to attorneys' fees to enforce the indemnity contract. Clearly, we think, only actions on the bond brought under its provisions were contemplated. The cause of action in which the $300 claim of counsel fees was incurred arose not out of the suretyship, but out of a breach of the indemnity agreement. Cases so construing similar provisions in the application contract for a bond are the following: Fidelity & Deposit Co. v. Crouse, 86 N. J. L. 55, 90 A.

1026; National Surety Co. v. Breuchaud, 173 App. Div. 795, 160 N. Y. S. 77; Fidelity & Casualty Co. v. Bisso, 179 La. 56, 153 So. 19; American Surety Co. v. Cabell, 58 Okl. 145, 159 P. 352. And see Sanger Bros. v. Fidelity & Deposit Co. (Tex. Civ. App.) 293 S. W. 1114; Southwest Nat. Bank v. Employers Ind. Corp. (Tex. Comm. App.) 12 S. W. (2d) 189.

In American Surety Co. v. Heether, 131 Wash. 73, 77, 228 P. 857, 858, the court allowed an attorney's fee to the surety in a similar situation because "the bond contained a stipulation for such a fee in case the surety company should sustain a loss on the bond and be compelled to sue the insured for the recovery of the loss." If this case is construed to be contrary to the position stated in the above cited cases, as contended by plaintiff here, we refuse to follow it. Two cases suggesting the possibility of allowance of attorney's fees to the surety under a factual basis comparable to the present are U. S. F. & G. Co. v. Sellers, 18 La. App. 366, 137 So. 869, which was overruled in effect by the decision of the highest court of that state in the Bisso case, 179 La. 56, 153 So. 19, cited above, and Morrison v. Fidelity & Deposit Co. 150 Ga. 54, 102 S. E. 354, which is an action to recover for a loss occasioned by the wrong of the principal. From the reasoning and authorities on this point we hold with the majority of the cases that the agreement contained in the application for the bond does not include a stipulation for indemnification of attorneys' fees in *this* action, and that the order allowing the amendment with reference to such fees was error.

■ This action is one for indemnification under a contract entered into between the parties. It is claimed that the contract included a promise to indemnify plaintiff for attorneys' fees expended in defending a prior suit in which the surety and defendants were joint defendants. The trial court granted judgment for the amount claimed in plaintiff's complaint without a trial on the fact questions involved. We cannot see how such issues as the necessity of the surety, or the good faith of the surety, in incurring the claimed counsel fees and the reasonableness of the amount

actually expended by it could be decided as a matter of law on the pleadings. Defendant has denied that plaintiff was obliged or compelled to retain counsel or to appear in the reopening proceedings, and has denied the reasonableness of the fees paid in that action. Facts summarized in defendant's counteraffidavits support his contention on these issues.

The requirement of proof on these issues is sustained by the cases. In U. S. F. & G. Co. v. Garrett, 156 S. C. 132, 152 S. E. 772, 773, the complaint contained allegations similar to those here presented, and the defendant entered a general denial and also denied that the counsel fees claimed were reasonable. The court said (156 S. C. 137, 152 S. E. 774):

"It does not follow, however, that in the case at bar the plaintiff is entitled, as a matter of law, to recover from the defendants the full amount paid by it as counsel fees in the Greenville County suit. The defendants had no part in fixing the amount of such fees and are not concluded by any agreement between the company and its counsel as to such amount. They should be required to pay only such amount as would be reasonable under the facts of that case, and the fixing of such amount would be for the jury, which might decide that $500 was reasonable or that it was excessive. The case should have been given to the jury with instructions to find for the plaintiff an amount, not in excess of $500, which, under the testimony, would be, in their opinion, a reasonable fee for the plaintiff's attorneys in the Greenville County case."

So far as the language quoted suggests that a jury should determine the question of reasonable attorneys' fees as a wholly independent question, it should be qualified. If the plaintiff here necessarily employed attorneys in good faith, and later compromised the claim of the attorneys for services by payment of $900, or any other definite sum, it was entitled to recover the amount actually paid, provided the amount was such as an ordinarily prudent person, in the conduct of his own business, would have

paid to settle such attorneys' claim. See Indemnity Ins. Co. v. McMillan (Tex. Civ. App.) 153 S. W. (2d) 264. Only in the event that the jury should find that the amount actually paid was in fact excessive and unreasonable as so tested should it be asked to place its own valuation upon the attorney's service.

In Bankers Surety Co. v. Cross, 100 Neb. 98, 101, 158 N. W. 457, 458, there was a jury trial of the issues of the necessity of incurring such fees and the reasonableness thereof. Their importance is apparent from this language of the court: "In the present case the evidence justified a finding that the surety believed, and had reasonable cause to believe, that the expenses incurred were necessary." In Indemnity Ins. Co. v. McMillan (Tex. Civ. App.) 153 S. W. (2d) 264, 265, 266, the court said "that the defendant was obligated by the indemnity contract to reimburse plaintiff for such reasonable expenditures it in good faith made for attorney's fees in defending said suit," and then concluded that the pleadings were sufficient "to challenge the legal right of plaintiff to recover of him any part of the amount so paid in view of the attendant facts and circumstances, thereby raising issues of fact to be determined at the trial as to the reasonableness of the amount of the attorney's fee." See also U. S. F. & G. Co. v. Smith, 97 Cal. App. 492, 275 P. 878; Maryland Cas. Co. v. Ballard, 126 Okl. 270, 259 P. 528; Continental Cas. Co. v. Nat. Slovak Sokol, Inc. 269 N. Y. 283, 199 N. E. 412. The only case that may suggest a different rule on these issues is U. S. F. & G. Co. v. Hittle, 121 Iowa 352, 96 N. W. 782. But see Kilgore v. Union Ind. Co. 122 Ala. 375, 132 So. 901, where the Hittle case was expressly construed to follow the majority rule.

Plaintiff cites a number of cases which hold that when an indemnitee (surety) brings an action against its indemnitors to recover loss or damage, it is entitled to recover the damages sustained by it, including attorneys' fees. We have no quarrel with this rule provided there is proper proof of the good faith of the surety and the reasonableness of the fees charged and paid. Plaintiff, in support of its contention that no issue of fact is raised,

cites U. S. F. & G. Co. v. Pullen, 230 Wis. 137, 283 N. W. 462, where the surety compromised a suit against its principal. In an action under the indemnity agreement there was a directed verdict in favor of the surety. The court stated that the surety was faced with an action it apparently could not defeat. But that conclusion is a fact issue under the circumstances of this case, where the surety did defeat the action in the prior suit. Whether the surety here entered such a contest as a volunteer or from necessity cannot be determined on this record as a matter of law.

■ The remaining question, whether the answer was properly stricken as sham and frivolous, may be quickly disposed of. A sham pleading is the one that presents no issue to try and therefore is false. Western Gravel Co. v. M. J. Nolan Co. 174 Minn. 315, 219 N. W. 148. Clearly, that is not the case here. A frivolous answer is one that does not in any view of the facts pleaded present a defense to the matters pleaded in the complaint. State v. Weber, 96 Minn. 422, 105 N. W. 490, 113 A. S. R. 630; and see Independent School Dist. v. City of White Bear Lake, 208 Minn. 29, 292 N. W. 777. The complaint asserts the reasonableness of the fees and the necessity for incurring them in the prior suit. This defendant denies. Thus arise the issues to be heard.

It was error to strike the answer. The fact issues presented by the pleadings should be determined by trial.

Judgment reversed.