UNITED STATES FIDELITY & GUARANTY CO. v. SELLERS

---

(November 30, 1931. Opinion and Decree.)
(January 14, 1932. Rehearing Refused.)
(February 1, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

---

Spearing, McConnell & McClendon, of New Orleans, attorneys for plaintiff, appellant.

Bordelon & Hoover, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff, a bonding company doing business in this city, brought this suit against defendant claiming $144.10.

The lower court awarded plaintiff a judgment for $3.35 and plaintiff has appealed.

On October 3, 1917, Harry Sellers, defendant herein, was appointed liquidator of the Standard Gas Generator Company of Louisiana, Inc., by the Civil District Court for the parish of Orleans, in the proceeding bearing the number 131,668 of the docket of that court, and his bond fixed at $2,000. Plaintiff, the United States Fidelity & Guaranty Company became surety on the liquidator's bond and obtained from Sellers individually an indemnity agreement, whereby he personally undertook to pay to the surety company the premium on the bond and to "save the said company harmless from any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature, which said company shall or may, for any cause, at any time, sustain or incur, or be put to, for or by reason or in consequence of said company having executed said bond." The liquidator failed to realize upon any of the assets of the Standard Gas Generator Company of La., Inc., and the matter was allowed to remain inactive until some time in 1928 when counsel for the surety company began to importune Mr. Hoover, counsel for the liquidator, to file a final account, have the liquidator discharged and have the bond of the liquidator cancelled. Mr. Hoover procrastinated and finally counsel for the surety became insistent, with the ultimate result that the liquidator's account was filed and the bond cancelled. It is claimed, on behalf of plaintiff, that this result was not accomplished without the intervention of counsel for plaintiff and his participation in the preparation of the account and of the petition for discharge of the liquidator.

The object of this suit is "to recover the premium on the bond amounting to $65.75 and attorneys' fees amounting to $75 plus costs of $3.35. The amount of the premium due is not in dispute but it is contended that that should have been the subject of a claim against the liquidator in the liquidation proceedings. The attorneys' fees are made up of a claim of $50 for services in connection with the liquidation and $25 for services in connection with the prosecution of this suit.

It is admitted that some services were performed by plaintiff's counsel, but the record in the liquidation proceeding does not show any single document as having been filed in the name of any other counsel than Mr. Hoover. However, the petition for the discharge of the liquidator is unsigned by counsel and, Mr. Hoover admits that this document was prepared and filed by Mr. McClendon, a member of the firm of Spearing & Mabry, representing the plaintiff surety company. Mr. Mabry, who conducted most of the negotiations with Mr. Hoover on behalf of plaintiff, died before the trial of this case in the lower court and his version of the transaction therefore cannot be given, and consequently the statement of Mr. Hoover to the effect that no charge was to be made for counsel fees stands alone. However, Mr. McClendon, who actually prepared the petition for the discharge of the liquidator, testified that he knew nothing of any agreement for gratuitous services.

In view of the state of the record the only service which may be said to have

been established as having been performed by plaintiff's counsel is the filing of the petition for the discharge of the liquidator and the cancellation of his bond, for which we believe $25 to be a proper charge.

As to the other items, the premium and the costs, in view of the language of the personal indemnity of Sellers, his liability appears obvious.

The amount demanded for attorneys' fees in the prosecution of this case seems most modest.

For the reasons assigned the judgment appealed from is amended by increasing the amount awarded plaintiff from $3.35 to the sum of $119.10, and as thus amended it is affirmed.