McBRIDE, Judge.
This suit emanates from the First City Court of New Orleans on the appeal of the defendant taken from a judgment against him for $167.03. On November 29, 1939 Emile Ernest St. Romain, the defendant, applied to the plaintiff through a local agent, for a gas fitter’s permit bond, in favor of the Mayor and Board of Aider-men of the City of Houma, Louisiana, in the sum of $1,000, as defendant contemplated doing certain gas fitting work in Houma. It became necessary for defendant to furnish the bond under the provisions of an ordinance of the City of Houma, to protect any person with whom defendant contracted for gas fitting work against any loss resulting from defendant’s negligence or from work improperly done, or for a violation of any of the regulations of the City of Houma.
In making application for the gas fitter’s permit bond, defendant obligated himself t
“ * * * to reimburse the said Standard Accident Insurance Company for all loss, costs, damages,, charges and expenses whatever, result *303 ing from any act, default or neglect of the undersigned that said Standard Accident Insurance Company may sustain or incur by reason of having executed said bond, or any certificate in continuation thereof. And it is further agreed by the undersigned that the vouchers or other evidence of payment of such loss paid by said Company under such obligation, together with vouchers or other evidence of payment of all cost and expenses whatever incurred by said Standard Accident Insurance Company in adjusting said loss, shall be taken as conclusive evidence against the undersigned of the fact and extent of the liability of the undersigned under said obligation to the said Standard Accident Insurance Company.”
While the bond was in force and effect, St. Romain performed certain work for the Funderburk Corporation of Houma, and the contractee, alleging that the work had been improperly done, filed suit in the Seventeenth Judicial District Court for the Parish of Terrebonne, on the bond, against both the defendant herein and the surety thereon. The claim asserted by the Funderburk Corporation amounted to $973.95.
The matter was turned over for investigation by the Standard Accident Insurance Company, to its claim adjuster in New Orleans, and the matter was handled for the claim adjuster by a Mr. Hoppmeyer, an attorney and adjuster connected therewith.
The plaintiff’s claim is for long-distance telephone calls and telegram $5.68, attorney’s fees $75, New Orleans Rosenbush Claims Service $86.35, total $167.03.
No answer was ever filed on behalf of the two defendants in the Funderburk Corporation suit, but it is shown that a comprehensive investigation was made of the claim and that the Standard Accident Insurance Company employed an attorney to look into the matter, and this attorney communicated several times with the attorney representing the Funderburk Corporation, which resulted in an agreement being made that the defendant in the instant case would correct the work which the Funderburk Corporation claimed he had defectively performed. Defendant ultimately corrected his job to the satisfaction of the attorney for the Funderburk Corporation and the suit was withdrawn.
The uncontradicted evidence is that the Standard Accident Insurance Company, as surety on the gas fitter’s permit bond, expended the amounts set forth in the petition as a result of the Funderburk Corporation’s suit.
Under the jurisprudence both of the Supreme Court and of this court, the defendant is liable to plaintiff on the indemnity agreement set forth in the application for the gas fitter’s permit bond. In Conway v. Union Indemnity Company, 185 La. 240, 169 So. 73, 75, a claim was asserted by a surety on an indemnity agreement similar to the one confronting us in the instant case. The Court held the indemnitor liable, saying:
“ * * * Smith’s agreement to indemnify the company left no doubt about the company’s right to employ attorneys at Smith’s expense, for any purpose connected with the company’s liability on the contract bond. * * * ”
In United States Fidelity & Guaranty Company v. Sellers, 18 La.App. 366, 137 So. 869, we held a liquidator liable on such an indemnity agreement for the fees of the attorneys supplied by the surety.
The defendant in the instant case relies heavily on an exception of no cause of action, which was filed in the court below and which was by the trial judge referred to the merits. It is contended that Standard Accident Insurance Company has no cause of action against defendant for the reason that the bond in question was a gas fitter’s permit bond, whereas the claim asserted by the Funderburk Corporation arose from plumbing work done by defendant. There is no merit in the exception and we now overrule it. Whether Funderburk’s claim was legitimate is of no moment, for the simple reason that the defendant bound himself to reimburse the Standard Accident Insurance Company for all loss, costs, damages, charges and expenses whatever by *304 reason of its having executed the bond on behalf of the defendant. If counsel’s argument is to be deemed valid, we would have to say that because a suit without merit is filed, the indemnity agreement is ineffectual. We think that the indemnity agreement covers all loss, costs, damages, charges and expenses whatever incurred by the surety in connection with the bond, even though the claimant has no debatable claim against the surety.
The only other defense asserted by the defendant is that the expenditures made by the surety were not warranted, and that for that reason alone the defendant should not be called upon to make reimbursement. We are convinced that the moneys spent by the surety were proper, as it was necessary for the surety to take steps looking toward a defense of the suit. Merely because its attorney did not file answer to the suit, or actually try the case, is no reason for holding the defendant free of liability for the expenses incurred as a result of a claim made against the bond.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.