RICHARD H. SALAMY, Plaintiff, *v.* NEW YORK CENTRAL SYSTEM, Defendant and Third-Party Plaintiff-Respondent. JOHN M. LOUGHRAN et al., Third-Party Defendants-Appellants.

RAYMOND MIKALL, Doing Business as MIKALL'S SUPER MARKET, Plaintiff, *v.* NEW YORK CENTRAL SYSTEM, Defendant and Third-Party Plaintiff-Respondent. JOHN M. LOUGHRAN et al., Third-Party Defendants-Appellants.

Third Department, December 23, 1955.

*James E. La Pan* and *Clifford W. McCormick* for third-party defendants-appellants.

*Claude J. Clark* for defendant and third-party plaintiff-respondent.

Coon, J.   Plaintiffs brought these actions to recover for personal injuries and property damage alleged to have been sustained by reason of the negligence of the defendant, the New York Central System (hereinafter called '' railroad ''), arising from an accident on July 1, 1954, when a delivery truck was struck by the railroad's locomotive at a private grade crossing. Plaintiffs have alleged that they were invitees of the third-party defendants in using the private crossing. Defendant railroad brought these actions over against the third-party defendants for reimbursement of any sums which may be recovered, pursuant to the terms of an agreement of indemnity. The third-party defendants challenge the sufficiency of the complaints solely on the ground that the indemnity agreement alleged therein is inadequate in its terms to indemnify defendant railroad for its own negligence. Third-party defendants were owners of summer camps accessible by private road and the private railroad crossing here involved. They entered into a written agreement with the railroad whereby the '' licensor '' (railroad) granted to '' licensees '' (third-party defendants) the right to use the grade crossing for a nominal consideration of $10; provided for the maintenance of the crossing at the expense of the licensees and then, among other things, provided as follows:

" Third : The Licensor shall not in any case be liable to the Licensees, or any of them, or to their contractors, agents, servants, officers, employees or any person or persons, including invitees, who may use the said driveway, for or on account of any injury to or death of such Licensees, or any of them, or such contractors, agents, servants, officers, employees or any person or persons, including invitees, who may use said driveway, or for or on account of injury to or damage to their property and the Licensees hereby assume responsibility for and hereby release the Licensor from any such injury, damage or liability and hereby further covenant and agree to indemnify and save harmless the Licensor, its successor and assigns, of and from all damages and claims for damages, demands, suits, recoveries, judgments or executions which may be made, had, brought or recovered by reason of, or on account of any such injury, damage or liability. And the Licensees also hereby covenant and agree to bear and pay to the Licensor all damages to the property of the Licensor which may happen to be done or caused by reason of or during the use of said driveway, except when such damage is caused by the Licensor, its agents, servants or other representatives. ''

It is conceded by the railroad to be the established rule in this State that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36.)

The intention is the thing which must appear clearly and unequivocally, however, and the agreement need not contain express language referring to the negligence of the indemnitee. The requirements of the rule are met if such an intention may be clearly implied from the language, the purposes of the agreement, and all the surrounding facts and circumstances. This is particularly so when the subject matter of the agreement deals with a specific dangerous condition, and recognizes, as foreseeable, an increased risk and the enlarged possibility of actual or claimed negligence of employees of the indemnitee. (*Langelotti* v. *City of New York,* 268 App. Div. 1061, affd. 296 N. Y. 941; *Post & McCord* v. *New York Municipal Ry. Corp.,* 187 App. Div. 167, affd. 230 N. Y. 540; *Westinghouse, Church, Kerr & Co.* v. *Long Island R. R. Co.,* 160 App. Div. 200, affd. 216 N. Y. 697.)

Here the railroad was not required to permit the third-party defendants to cross its right of way. The license to do so was clearly for the sole benefit of the third-party defendants and their invitees, with only a nominal benefit to the railroad. The crossing created an extra and unnecessary (as far as the rail-

30

road was concerned) hazard and risk of accident and liability. The whole import of the agreement recognizes this and clearly indicates an intention to render the railroad harmless from all such additional risks. In language the agreement provides indemnity for " all " damages and claims, etc., for " recoveries, judgments or executions " (which presupposes negligence), and for " any " such injury, damage or liability. The tenor of the agreement as a whole, the purposes, benefits, needs and risks of the parties thereto, all point to the conclusion that the parties intended, contemplated and understood that the railroad was to expose itself to no additional risks, even due to negligence of its employees, by reason of granting a private right to cross its tracks for a nominal consideration.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, HALPERN and ZELLER, JJ., concur.

Order affirmed, without costs.