TURNER CONSTRUCTION COMPANY,
Third Party Plaintiff,

v.

The BELMONT IRON WORKS,
Third Party Defendant.

Civ. A. No. 13992.

United States District Court
E. D. Pennsylvania.

July 30, 1957.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Walter B. Gibbons, Philadelphia, Pa., for Turner Construction Co.

J. B. H. Carter, Philadelphia, Pa., for Johns-Manville Corp.

White, Williams & Scott, Philadelphia, Pa., for third-party defendant.

John J. McDevitt, 3rd, Philadelphia, Pa., for Ralph Cornell, Inc.

KIRKPATRICK, Chief Judge.

This is an action based upon a subcontractor's agreement to indemnify the general contractor against liability for personal injuries "growing out of or resulting from the execution of the work provided for in this Contract or occurring in connection therewith."

Turner had the general contract to erect an industrial building in New Jersey. It subcontracted the furnishing and erecting of the structural steel to Belmont, by a contract which contained the clause above quoted. Belmont, in turn,

subcontracted the erection part of its contract to Cornell.

Hoyt, a structural steel worker employed by Cornell, fell through the roof of a partially completed section of the building and was killed. His widow brought suit against Turner and recovered $50,000, for which, together with expenses of litigation, Turner now sues in this action. The basis of her recovery was Turner's negligence in failing to warn workmen on the job of the dangerous condition of the roof.

■ Although the parties are in agreement that there is no important difference in the law of New York, Pennsylvania and New Jersey upon the subject of the right to contract for indemnity against one's own negligence, it may be well to say that the law of New York governs the interpretation of this contract. The contract became effective and binding when Turner in New York, having received an executed copy by mail from Belmont in Pennsylvania, signed it and returned it to Belmont by mailing it in New York. This was the last act necessary to validate the contract. See McLouth Steel Corp. v. Mesta Machine Co., 3 Cir., 214 F.2d 608. The term requiring Belmont to furnish certificates of liability insurance to Turner was plainly not a condition to its obligation under the contract.

■ The general rule is that one may contract for indemnity against his own negligence, provided the contract makes it sufficiently clear that the parties so intended. "The intention is the thing which must appear clearly and unequivocally, however, and the agreement need not contain express language referring to the negligence of the indemnitee." Salamy v. New York Central System, 1 A.D.2d 27, 146 N.Y.S.2d 814, 817. In Turner Construction Company v. Rockwood Sprinkler Company, 249 App.Div. 508, 293 N.Y.S. 551, the courts of New York held that this identical clause clearly manifested an intention to cover the contractor's liability for its own negligence.

■ Belmont's principal effort to avoid liability is based upon the contention that the language of the indemnity clause, quoted above, limits the coverage to cases in which there is a causal connection between the doing of the work described in the contract and the injury, which, in the present case, amounts to saying that it would be liable only if Hoyt's death was caused by the fault of somebody engaged in the erection of the structural steel or by something or some place used in doing that work.

Belmont points out that it had had nothing to do with the job of laying the roof, that it had no control of that part of the premises and was under no duty to warn Hoyt of the dangerous condition. All this is true, but I cannot agree that the element of causality, as Belmont defines it, is a necessary condition of its liability to Turner. There might be ground for the argument (though I do not so decide) if the clause had merely said injury "growing out of or resulting from the execution of the work" and stopped there. However, the clause goes on "or occurring in connection therewith." Plainly, the parties meant to add something to the concept of an injury caused by or resulting from the work.

Without attempting a definition of the phrase, I can say that in my opinion it includes an injury incurred by a workman, employed for the work contracted for by the indemnitor, in the act of leaving the premises at the end of the day's work.

This covers Hoyt's case. When he broke through the roof and fell to his death he was on premises where Belmont's work was in progress and on the roof of a part of the building for which Belmont had furnished and erected the steel under its contract with Turner. He was leaving after finishing his day's work, having climbed down to a lower level of the roof by means of one of the steel columns recently erected, intending to cross the roof and get down to the ground level. Under these circumstances I do not see how it can be argued that what he was doing was not connected

with the work or that his death was not an injury "occurring in connection therewith." The fact that he could have gone down a ladder directly to the ground instead of climbing down the column and crossing the roof as he did might have had some bearing on the question of his right to recover—a right which has been settled by the Court of Appeals—but it has no effect upon the question of what the parties meant by this indemnity agreement.

Judgment may be entered in favor of Turner in the amount claimed with interest.