287 F.2d 207
 Billy E. GRAHAM, Appellant,
v.
Rufus B. LAWRIMORE, W. E. Dargan and Albert J. Rogers, as the Review Committee for Florence County, South Carolina, of the Agricultural Stabilization and Conservation Committee, United States Department of Agriculture, Appellees.
 No. 8209.
 United States Court of Appeals Fourth Circuit.
 Argued January 11, 1961.
 Decided February 10, 1961.
 
 Eugene Noel Zeigler, Florence, S. C. (McEachin, Townsend & Zeigler, Florence, S. C., on brief), for appellant.
 Thomas P. Simpson, Asst. U. S. Atty., Columbia, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellees.
 Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and FIELD, District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an order affirming the determination of the Review Committee reducing the 1960-61 tobacco acreage allotment of two farms operated by appellant in Florence County, South Carolina. Appellant's acreage allotments were reduced by reason of alleged violations of 7 U.S.C. 1313(g)[1] and § 725.119 (c)[2] Marketing Quota Regulations 1960-61, in filing, aiding or acquiescing in the filing of a false acreage report in June, 1958. In effect, appellant was charged with concealment of overplanting the allotted acreage on each farm. On March 3, 1959, the County Committee notified appellant of the reduction of his acreage allotment based on the violations referred to above. This action was taken after hearings were held by the County Committee on January 6, 1959, and January 13, 1959. Plaintiff was unable to attend the first hearing but was present at the second. Apparently, facts relative to the violations developed at both hearings were the basis for the Committee's action. Thereafter, appellant applied for a review which was denied on procedural grounds, and he thereupon, instituted an action in the District Court for the Eastern District of South Carolina. An order of dismissal without prejudice was entered in that action on July 21, 1959, and incident to such dismissal, a stipulation was entered into which reserved to the Department of Agriculture its right to reduce the allotments for the 1960-61 year for the alleged 1958 violations and reserved to the plaintiff the right to file application for review.
 
 
 2
 On January 12, 1960, the notices of the reduced allotments for the 1960-61 marketing year were mailed to the plaintiff. On January 20, 1960, the plaintiff filed applications for review, and after a full hearing attended by the parties and their counsel, the defendants, as the Review Committee, made findings of fact and upheld the acreage allotment reduction of the County Committee.
 
 
 3
 Counsel for appellant contends that the District Court misinterpreted the stipulation entered into in July, 1959. We find no basis for this contention for it is clear that the District Judge merely treated the stipulation as preserving the status quo of the parties, the County Committee having the right to reduce the allotment based on its investigation of the alleged violations, and the appellant saving to himself the right of review thereof.[3]
 
 
 4
 Appellant's second contention that the Review Committee abused its discretion in refusing his motion to amend is likewise without merit. Under the regulations, the Review Committee is vested with discretionary power in regard to such amendments[4] and it does not appear that there was any abuse of this authority. Appellant complains at some length of his failure to obtain a "fair hearing before the County Committee," but, here again, the record does not support such a charge. While the proceedings before the County Committee constituted the initial step in the allotment reduction, any alleged irregularities at that level were cured by the hearing de novo before the Review Committee.[5] The Review Committee affirmed the action of the County Committee only after it had conducted its hearings and made its findings in compliance with the appropriate regulations.[6] Whether or not the County Committee failed to comply with the provisions of the Tobacco Marketing Committee Handbook, or was required to do so, is academic in our view since appellant was given an ample opportunity to present his case under the review procedure.
 
 
 5
 The final point raised by appellant challenges the sufficiency of the evidence upon which the Review Committee made its determination. We agree with the District Judge that the findings of fact of the Review Committee are supported by competent evidence, and under the statute of review[7] the District Court was correct in affirming them
 
 Affirmed
 
 
 Notes:
 
 
 [1]
 7 U.S.C.A. § 1313(g)
 
 
 [2]
 7 C.F.R.(1960) § 725.119(c)
 
 
 [3]
 The concluding paragraph of the stipulation reads: "It is the understanding and intent of the parties hereto to reserve all rights that each may have under the appropriate statutes, rules and regulations and to preserve the status quo the same as if the notices of reduction of allotment had not been sent on March 3, 1959."
 
 
 [4]
 7 C.F.R.(1960) Sec. 711.22
 
 
 [5]
 See United States v. Stangland, 7 Cir., 242 F.2d 843, at page 846
 
 
 [6]
 7 C.F.R.(1960) Secs. 711.2 to 711.26, inclusive
 
 
 [7]
 7 U.S.C.A. § 1366