Earl WHITE
v.
The CALIFORNIA COMPANY and American Insurance Company et al.,
Respondents,
v.
AMERICAN INSURANCE COMPANY
and the California Company,
Third-Party Libelants,
v.
OIL FIELD MAINTENANCE COMPANY
and Travelers Insurance Company.
No. 10110.

United States District Court
W. D. Louisiana,
Lake Charles Division.
March 15, 1965.

W. J. Jackson, Jr., of Wood & Jackson, Leesville, La., for plaintiff.

Porteous & Johnson (Lloyd C. Melancon) New Orleans, La., for The California Company and American Insurance Co., et al.

Cavanaugh, Brame, Holt & Woodley (Meredith T. Holt) Lake Charles, La., for Oil Field Maintenance Co. & Travelers Ins. Co.

HUNTER, District Judge:

On March 26, 1964 Earl Lee White filed this suit against Travelers Insurance Company, L. L. Bogle, The California Company, and its assurer American Insurance Company. Travelers was in the insurer of Bogle. The libel was based upon an accident that allegedly occurred on February 5, 1964 while libelant was working for Bogle on a California Company barge. The main demand of the libelant in this case has been compromised by judgment of July 16, 1964, wherein Travelers and Bogle paid Earl Lee White the sum of $7,000.

The sole issue remaining for determination is whether as a matter of law

the California Company must be indemnified for its attorney's fees, expenses and costs incurred in defense of the libel now that Bogle and Travelers have compromised and paid the claim. Stipulations among the parties, depositions, and all of the evidence clearly delineate this one issue remaining in this litigation.

The citation in this action was served upon California on April 3, 1964 and required an answer within twenty days. As a result of the citation the following transpired:

1. By letter of April 8, 1964, California called upon Bogle and Travelers to defend the suit and indemnify it. The letters further advised that California, in order to prevent a default judgment, has obtained an enlargement of time in which to plead. The letter concluded:

"Unless you so proceed as requested herein and notify us in writing on or before April 17, 1964, we shall defend and protect the interests of The California Company and its insurer The American Insurance Company therein seeking reimbursement from you for all attorney fees, costs and disbursements in addition to all damages allowed against our clients."

2. As of April 17, 1964, California did not have a response from Travelers or Bogle.

3. On April 23rd California received from Travelers a letter inquiring about the aforesaid indemnity invitations and tenders and requesting factual information in the way of statements. (Travelers 8).

4. The failure of Bogle and Travelers to timely and unqualifiedly accept California's tendered indemnity compelled and forced California to participate in the defense of the libel until its dismissal therefrom by judgment of this court on July 23, 1964.

5. There was a demand for payment of attorneys' fees, expenses and costs incurred by the petitioner in accordance with prevailing agreements between Bogle and The California Company (CALCO 5A, B and C).

■ The record reveals that on September 26th and December 31, 1963, petitioner and Bogle entered into agreements for the performance of work (CALCO 1A and D), the contents being insured by Travelers (CALCO 4A) and the pertinent parts of which read as follows:

"Contractor agrees to defend and hold Company indemnified and harmless from and against any loss, expense, claim or demand for:

(a) injury to or death of Contractor's employees or for damage to or loss of Contractor's property in any way arising out of or connected with the performance by Contractor of services hereunder, and—

Company shall have the right, at its option, to participate in the defense of any such suit without relieving Contractor of any obligation hereunder." (CALCO #1C).

Depositions of libelant (CALCO 11A) and W. V. Sanders (CALCO 10A) as well as the pleadings confirm that libelant was in the course and scope of his employment by Bogle at the time of the accident. Such uncontested facts establish and bring into effect the indemnity provision.[1]

■ The evidence convinces the Court that Bogle and/or Travelers possessed a file and knowledge of the material facts as of April 23, 1964 (medical benefits and compensation under the State Workmen's Compensation Act were then being disbursed on a weekly basis). Accordingly, neither Travelers nor Bogle can relieve themselves from their obligation under the indemnity agreement because of the alleged lack of cooperation.

1. Aluminum Co. of America v. Hully, 200 F.2d 257 (8 Cir., 1952); Indemnity Insurance Co. of North America v. Koontz-Wagner Electric Co., 233 F.2d 380 (7 Cir., 1956); and, Turner Construction Co. v. Belmont Iron Works, 158 F.Supp. 309 (D.C., 1957).

To resolve the issue this Court must interpret the pertinent provision of the heretofore quoted indemnity provision which is in pertinent part repeated:

"Company shall have the right, at its option, to participate in the defense of any such suit without relieving Contractor of any obligation hereunder." (CALCO #1C).

 The intention of the parties in agreeing to this provision is of paramount importance and must be determined in accordance with plain, ordinary and popular sense of the language used in the agreement and by giving consideration on a practical, reasonable and fair basis to the instrument in its entirety.[2]

As we interpret the indemnity agreement, California had the option when sued to do one of two things. First, it might desire and wish its own legal representation to defend the suit. Under such circumstances Bogle and Travelers would be bound to reimburse the indemnitee for the attorneys fees, expenses and costs involved therein.

Secondly, as was done in this libel, California might offer its defense to Bogle and Travelers who were under an obligation to timely accept the defense. Otherwise, California could defend itself with payment of its legal fees, expenses and costs to be borne by Bogle and/or Travelers.[3]

We conclude that under the circumstances of this case California is entitled to the indemnity it seeks. Accordingly, the attorneys' fees, expenses and costs demanded against Bogle and Travelers should be awarded.

Attorneys for California will prepare and submit to the Court formal Findings and Conclusions, together with a formal decree within twenty days.

---

2. Jacksonville Terminal Co. v. Railway Express Agency, Inc., 296 F.2d 256 (5 Cir., 1961); American Agriculture Chemical Co. v. Tampa Armature Works, 315 F.2d 856 (5 Cir., 1963); Texaco, Inc. v. Vermilion Parish School Board, 244 La. 408, 152 So.2d 541 (1963); and McKinney v. American Security Life Insurance Co., La.App., 76 So.2d 630 (1955).

3. The right to recover attorneys' fees and other expenses as part of the indemnity arising out of the defense is well established. An indemnitee has traditionally been permitted to recover counsel fees from its indemnitors in similar factual situations. Dean's case, [Rederi A/B Dalen v. Maher], 303 F.2d 565 (4 Cir., 1962); Pure Oil Co. v. Geotechnical Corp., D.C., 129 F.Supp. 194 and 27 Am.Jur., Indemnity, Sec. 27 pp. 473–74.