Grover C. **WILLIAMS**

v.

The **CALIFORNIA COMPANY.**

Civ. A. No. 13058.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 26, 1968.

Felicien P. Lozes, New Orleans, La., for plaintiff.

Robert B. Acomb, Jr., John R. Peters, Jr., New Orleans, La., for Travelers Ins. Co. and Service Contracting, Inc.

Lloyd C. Melancon, New Orleans, La., for defendant.

CHRISTENBERRY, District Judge.

On June 22, 1967, the Court ruled against plaintiff Grover C. Williams, in favor of defendant, The California Company. The remaining issue to be resolved concerns The California Company's third party complaint seeking indemnification from Service Contracting, Inc. and its insurer Travelers Insurance Company for attorneys' fees, costs and expenses incurred in defense of this suit.

Service Contracting, Inc. contracted with The California Company to drill certain oil wells for California at the site upon which California's fixed drilling platform was located. The third party claim arises out of a provision of this agreement which states that:

"Contractor alone shall be responsible for and shall indemnify and hold operator harmless from and against any claims for injuries to, impairment of health of, or death of employees of contractor arising from contractor's

performance of its obligations under this agreement."

Service Contracting, Inc. sought and obtained insurance coverage from Travelers Insurance Company. A special endorsement providing protection from possible contractual liability arising under this provision was included in the general policy issued to Service Contracting, Inc.

On January 17, 1963 plaintiff, Grover C. Williams, an employee of Service Contracting, Inc. instituted suit in maritime law against The California Company. Williams asserted that on January 9, 1962 while working aboard an oil rig owned by the defendant, he received personal injuries when he was blown, as a result of high and gusty winds, from a pipe rack onto a 12 x 12 beam. Plaintiff maintains that notwithstanding advices given to the defendant by the drilling crew that strong winds prevailed, making such work unduly hazardous, the defendant ordered the operations to continue. Williams asserted defendant's failure to stop the work was negligence and also rendered the rig unseaworthy.

The California Company, when served with the complaint, immediately notified Service Contracting, Inc. and Travelers Insurance Company of the suit. Letters dated February 19, 1963 were sent to both Service Contracting, Inc. and Travelers Insurance Company stating:

"You are hereby called upon and invited to defend, indemnify and hold harmless in the captioned Civil Action, the interests of The California Company, pursuant to the provisions of your agreement with this company.

To prevent a default judgment being entered, or otherwise, in the foresaid litigation, we have appeared solely in behalf of The California Company wherein an enlargement of time to respond was obtained.

Unless you so proceed as requested herein, and notify us in writing on or before February 25, 1963, we shall defend and protect the interests of The California Company therein, and seek reimbursement from you for all attorney's fees, costs and disbursements in addition to all monetary damages awarded against our client."

Service Contracting, Inc. immediately accepted the defense of the suit, however, no response was received from Travelers Insurance Company. Later in a letter dated February 22, 1963 Service Contracting, Inc. withdrew its assumption of the defense leaving The California Company to defend the suit alone. Once its tender of defense was refused The California Company filed a third party complaint against Service Contracting, Inc. and Travelers Insurance Company seeking indemnification for its defense.

A cross complaint of intervention was filed by Travelers Insurance Company as compensation insurer of Service Contracting, Inc. whereby Travelers sought reimbursement for compensation paid Williams.

On trial on the merits Williams failed in his endeavor to prove negligence on the part of the defendant The California Company, or unseaworthiness, and judgment was entered in favor of the defendant, The California Company and against plaintiff. Judgment was also entered in favor of the third party plaintiff The California Company for attorneys' fees in the amount of $4,650.00 and expenses of $106.21, or a total of $4,756.21 with interest and costs. Judgment was rendered in favor of The California Company and against intervenors Travelers Insurance Company and Service Contracting, Inc. dismissing the third party cross complaint.

Service Contracting, Inc. and Travelers Insurance Company have filed a motion to amend the judgment and alternatively for a new trial. They allege in their motion that The California Company did not sustain its burden of proof in establishing what portion of attorneys' fees, costs and expenses were expended for defense and which part was expended for its recovery over. They maintain that the court erred in not allocating a

portion of the attorneys' fees, costs and expenses sought by The California Company to the recovery over which costs and expenses are not recoverable under law.

Third party defendants claim that the provision in question does not express an unequivocal intention to indemnify The California Company for its own negligent acts. They contend that if they are not required to indemnify The California Company for its own negligent acts, they should not be required to indemnify The California Company for a claim predicated upon its own negligence.

█ The majority view in federal law as well as that of Louisiana is that unless the intention is unequivocally expressed in the plainest of words, the law will consider that the parties did not undertake to indemnify one against the consequences of his own negligence. Mills v. Fidelity & Casualty Co. of New York, 226 F.Supp. 786 (W.D.La.1964); Jacksonville Terminal Co. v. Railway Express Agency, Inc., 296 F.2d 256 (5th CCA 1961). Whether or not the indemnity clause before us may require the indemnitor to indemnify the indemnitee for his own negligent acts is not at issue in this case. The California Company has been judged not to be liable to plaintiff and the indemnitee is not seeking indemnification for its own negligence. The California Company did not actually control the operation; the only control retained by the defendant company existed in a very limited degree, contributing only that which was necessary to secure satisfactory completion of the work.

██ The claim of Grover C. Williams meets all of the prerequisites set forth in the agreement. Employees of both The California Company and Service Contracting, Inc. testified that the alleged accident occurred within the confines of the drilling rig and in the course of plaintiff's employment.

Service Contracting, Inc. and Travelers Insurance Company contend they can have no liability under the indemnity agreement unless Service Contracting, Inc. be found negligent. This is irreconcilable with the evidence before the Court. The intent of the parties in making an agreement is of paramount importance and such agreement must be interpreted in accordance with the plain, ordinary and popular sense of the language used in the agreement and by giving consideration on a practical, reasonable and fair basis to the instrument in its entirety. White v. California Co., 260 F.Supp. 586 (W.D.La.1965); Jacksonville Terminal Co. v. Railway Express Agency, Inc., 296 F.2d 256 (5th CCA 1961). To state that Service Contracting, Inc. would only be liable if it were negligent would be to read into the contract a limitation which is not present nor intended. The indemnity clause specifies *"any claims* for injuries to impairment of health of or death of employees of contractor arising from contractor's performance * * *"* (emphasis added). It does not specify "only where contractor is negligent." If this clause contained a requirement that Service Contracting, Inc. be negligent, it would be reduced from an indemnity provision to a mere restatement of the law. Service Contracting, Inc. could be held liable for its negligent acts regardless of whether or not such a statement were included in the agreement. This contract asserts the requirement of negligence only in regard to claims arising out of damages, injuries and death of third parties. It does not assert this requirement in regard to claims of contractor's employees.

It seems clear The California Company and Service Contracting, Inc. intended that the indemnity provision of this agreement would include claims such as that made by Williams here. Insurance was obtained by Service Contracting, Inc. providing coverage for contractual liability arising under this indemnity provision.

Service Contracting, Inc. adopted this interpretation when it answered affirmatively The California Company's re-

quest that it undertake the defense of this action. Mr. Felix E. McClanahan, President of Service Contracting, Inc., testified that the tender of defense was valid and should have been undertaken by his company and its insurer Travelers Insurance Company. Service Contracting, Inc. withdrew its affirmative reply to The California Company's request to defend when its insurer Travelers Insurance Company did not join in the defense.

■ Third party defendants argue that they offered to settle the claim prior to trial, and that therefore they should not be liable for the cost of defense. The offer to settle the claim came only a few days prior to the trial and was conditioned upon a "wash out" by The California Company of its claim for reimbursement of defense expenditures. During the interval between the filing of suit and the offer of settlement much time had elapsed in which The California Company had already incurred the discovery and research expenses looking toward a trial. The California Company was not unreasonable in refusing to settle the claim under these circumstances. A tender of the defense to third party defendants was made when the suit was filed. They had an obligation under the contract to undertake the defense; this they did not choose to do. Service Contracting, Inc. and Travelers Insurance Company could not avoid their responsibility, by waiting until the trial was at hand to offer a settlement, without compensating The California Company for its defense expenditures.

"Reasonable counsel fees which have been incurred in resisting the claim indemnified against may be recovered as a part of the damages and expenses when an action is brought to recover indemnity either upon a right of indemnity implied by law or arising under a contract." 27 Am.Jur. Indemnity, Sec. 27.

■ The obligation of an independent contractor to defend, hold harmless and indemnify its principal, under such contracts includes reimbursement of litigation expenses. Southern Arizona York Ref. Co. v. Bush Mfg. Co., 331 F.2d 1 (9th CCA 1964); White v. California Co. et al., 260 F.Supp. 586 (W.D.La. 1965), aff'd in L. L. Bogle d/b/a Oil Field Maintenance Co. & Travelers Ins. Co. v. California Co., 369 F.2d 699 (5th CCA 1966); B & G Electric Company v. G. E. Bass & Company, 252 F.2d 698 (5th CCA 1958).

■ The allowance of attorneys' fees however should be limited to the defense of the claim indemnified against and not for services rendered in establishing the right of indemnity. There can be no recovery for attorneys' services and expenses incurred in establishing the right to indemnification. Fidelity & Casualty Co. of New York v. Bisso, 179 La. 56, 153 So. 19 (1934); Strachan Shipping Co. v. Koninklyke Nederlandsche Stoomboot Maalschappy, 324 F.2d 746 (5th CCA 1963); General Electric Co. v. Mason & Dixon Lines, Inc. 186 F.Supp. 761 (W.D.Va.1960), aff'd Graham v. Lawrimore, C.A.4, 287 F.2d 207; Singer v. Dorr, 272 F.Supp. 931 (E.D.La.1967).

■ The reasonableness of the fee involved lies within the discretion of the court. Counsel for the indemnitee carries the burden of proving the reasonableness of the fees and expenses incurred. Duvernay v. Alcoa S. S. Co., Inc., 217 F.Supp. 698 (E.D.La.1963), aff'd in T. Smith & Sons, Inc. v. Skibs A/S Hassel, 362 F.2d 745 (5th CCA 1966). In the Duvernay case the court in its discretion allocated two thirds of the total fee to the defense of plaintiff's claim and one third to the prosecution of its claim over against Smith.

■ Counsel for The California Company submitted to the court an itemized statement of services rendered in defense of this suit constituting $5,650.00 in attorneys' fees and $321.09 in expenses. A member of the bar of this court, an expert in litigation of this nature, testified as to the appropriateness of the various charges for the services performed. The court rendered a judg-

ment allowing The California Company to recover $4,650.00 in attorneys' fees and $106.21 in expenses.

The difference between the amount of the claim for attorneys' fees and costs submitted to the court by counsel for The California Company and the amount awarded by the court for these items does not reflect a reduction for attorney fees and costs incurred by The California Company in asserting its claim for indemnity. Rather, the reduction was made by the court to disallow certain attorney fees and costs that counsel for The California Company submitted in connection with a four day trip from Tripoli to Benghazi, Libya, North Africa, made for the purpose of conferring with a witness, Mr. Banquer, residing there. The court found these charges to be unreasonable for the reason that the information desired could have been obtained by counsel for The California Company in other and more economical ways. The claim submitted included an item of $1,250.00 covering attorney fees for a conference in Rome, Italy, with Mr. Jack Walters and the Benghazi trip. The sum of $250.00 was allowed for the Rome conference but the remainder of the charge was disallowed. Also disallowed was the sum of $214.88 traveling expenses incurred by California's counsel on the Benghazi trip.

Accordingly, the previous judgment entered in favor of The California Company for attorney fees and costs must now be reduced to the extent that that judgment encompassed the expenses and fees incurred in pursing its indemnity claim and the motion to amend the judgment in that respect is granted, and it is now

Ordered, adjudged and decreed that the judgment rendered on 6/23/67 is now amended by reducing the attorney fees awarded to The California Company to $3,720.00 and the expenses to $84.97. In all other respects that judgment remains unchanged.

The Clerk will enter an amended judgment in accordance with this decree.

Counsel for The California Company will submit revised findings of fact and conclusions of law in accordance with this amended judgment.