Francisco **VIZCARRONDO**, Plaintiff,

v.

**AMERICAN EXPORT ISBRANDTSEN LINES, INC. and Port Linen Supply, Inc., Defendants.**

No. 66 Civ. 3475.

United States District Court,
S. D. New York.

May 13, 1971.

Rolnick, Tabak, Ezratty & Huttner, New York City, for plaintiff, Sheldon Tabak, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant, American Export Isbrandtsen Lines, Inc., David P. H. Watson, New York City, of counsel.

Coppola & D'Onofrio, New York City, for defendant, Port Linen Supply, Inc.,

John J. Wrenn, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff, an employee of defendant Port Linen Supply, Inc. ("Laundry"), sued American Export Isbrandtsen Lines, Inc. ("American Export") and his employer to recover damages arising from a heart attack which he alleged he suffered as a laundryman aboard American Export's vessel, the S.S. CONSTITUTION, on February 4, 1966. The action was tried before a jury in February, 1971, the jury returning a special verdict finding that defendant American Export was not plaintiff's employer and that defendant Laundry had not been negligent. On February 17, 1971, judgment was entered in favor of both defendants against the plaintiff dismissing his complaint, from which no appeal has been taken and the time for taking an appeal has expired.

There was reserved to the court the cross claim of defendant American Export against Laundry for counsel fees and expenses.

At the time of plaintiff's alleged heart attack, Laundry maintained a laundry department aboard the S.S. CONSTITUTION pursuant to an Agreement dated June 17, 1965 between American Export and Laundry and Addendum to that Agreement, apparently dated June 25, 1965. The Addendum provides in relevant part:

"Port Linen Supply, Inc. further promises, covenants and agrees that it will save harmless and indemnify American Export Isbrandtsen Lines, Inc. of and from any and all liabilities, loss, damages, claims demands, suits, actions, causes of actions, recoveries, judgments, costs and expenses arising or in any manner growing out of any service rendered by Port Linen Supply, Inc., or its representatives * * * or arising out of any act of any of the employees of Port Linen Supply, Inc. even where such liability,

loss, damage or claims are caused by the concurring negligence of American Export Isbrandtsen Lines, Inc., its agents, servants or employees."

There is no doubt that the action arose out of the operation of Laundry aboard American Export's vessel and that plaintiff was an employee of Laundry at the time.

Laundry contends that the foregoing provision in the Addendum is ambiguous and should therefore be construed most strongly against American Export, and that the indemnity clause does not cover negligence on the part of American Export.

While the jury did not determine whether or not American Export was negligent because of its finding that plaintiff was not an employee of American Export, in finding that Laundry was not negligent they implicitly found that American Export was not negligent, and the record at the trial amply supports this conclusion. Therefore, the only issue is whether the indemnity clause above set forth covers the cost incurred by American Export in defending the action. The indemnity clause is clear and unambiguous, at least to the extent that Laundry agreed to indemnify American Export with respect to any costs and expenses arising or in any manner growing out of any service rendered by Laundry or its representatives. Obviously this action arose out of the operation of the Laundry department, and concededly plaintiff was Laundry's employee. Moreover, costs and expenses include American Export's attorneys' fees and expenses, Williams v. California Company, 289 F.Supp. 376 (E.D.La.1968); Swiss Credit Bank v. International Bank Ltd., 23 Misc.2d 572, 200 N.Y.S.2d 828 (N.Y.County 1960). A reading of the indemnity clause makes it clear that it is not limited to claims arising out of Laundry's negligence. *See* Williams v. California Company, *supra*, 289 F.Supp. at 379.

Accordingly, American Export is entitled to judgment against Laundry for the amount of its reasonable counsel fees and expenses in defending the action, but not including the prosecution of its cross claim. It is hoped that the parties will agree on the amount of the attorneys' fees and expenses and will settle a judgment accordingly. If no agreement is reached, either party can apply for a hearing on the amount prior to the entry of judgment.

It is so ordered.