CULPEPPER, Judge.
Plaintiff seeks benefits under the Workmen’s Compensation Act of the State of Louisiana. Defendant filed a motion for summary judgment on the grounds that since the accident occurred on a fixed drilling platform in the Gulf of Mexico, fifty miles offshore from the State of Louisiana, plaintiff’s exclusive remedy is under the federal Longshoremen’s and Harbor Workers’ Compensation Act, U.S.C.A. 33:901 et seq. From a summary judgment dismissing his suit, plaintiff appealed.
There is no genuine issue of material fact. Plaintiff’s petition alleges the accident occurred on a drilling platform. An affidavit attached to defendants’ motion for summary judgment shows that the drilling platform in question has its legs permanently attached to the bed of the Gulf of Mexico and is located about approximately fifty miles offshore from the coast of Louisiana. Plaintiff filed no contradictory affidavits.
Under these facts, plaintiff’s exclusive remedy is under the federal Longshoremen’s and Harbor Workers’ Compensation Act. He cannot • recover under the Workmen’s Compensation Act of the State of Louisiana. See Crooks v. American Mutual Liability Insurance Company, 175 So.2d 875 (La.App.3rd Cir. 1965) and the authorities cited therein. In the Crooks case the Supreme Court of Louisiana, 248 La. 372, 178 So.2d 659, refused writs with the statement “No error of law in the judgment in the Court of Appeal.” The U.S. Supreme Court also denied certiorari, 384 U.S. 945, 86 S.Ct. 1470, 16 L.Ed.2d 542. This Court is bound by these holdings.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.