Richard O. SMITH,
Plaintiff-Appellant-Cross-Appellee,

v.

CHEVRON OIL COMPANY,
Defendant-Third-Party
Plaintiff-Appellee-Cross-Appellant,

v.

OCEAN SCIENCES, INC., and United States Fidelity and Guaranty Company, Third-Party Defendants-Appellees.

Richard O. SMITH, Plaintiff-Appellant,

v.

TIDEWATER GUARDIANS, INC., et al., Defendants-Appellees.

No. 74–1364.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1975.

Rehearing Denied Sept. 15, 1975.

Thomas J. Wagner, George W. Healy, III, New Orleans, La., for appellee.

Lloyd C. Malancon, New Orleans, La., for Chevron.

Curtis R. Boisfontaine, New Orleans, La., Henry D. McNamara, Jr., Metairie, La., for Amer. Mutual.

Robert E. Barkley, Jr., New Orleans, La., for Ocean Sciences.

Charles J. Ferrara, Philippi P. St. Pee, Metairie, La., Charles R. Maloney, New Orleans, La., for appellant.

Before WISDOM, SIMPSON and RO-NEY, Circuit Judges.

RONEY, Circuit Judge:

As with the two other cases involving Chevron Oil Company decided today, *Chevron Oil Co. v. E. D. Walton Construction Co.*, 517 F.2d 1119 (5th Cir. 1975) and *Stephens v. Chevron Oil Co.*, 517 F.2d 1123 (5th Cir. 1975) the central issue in this case involves the interpretation of an indemnification agreement between Chevron and an independent contractor. Concluding that Chevron's negligence was the sole proximate cause of the injuries suffered by plaintiff Smith, the district court rendered judgment against Chevron for $79,976.51 and dismissed Chevron's third-party claim for indemnification and reimbursement against Ocean Sciences, Inc., Smith's employer, an independent contractor hired by Chevron. On this appeal the several parties raise multiple challenges to the district court's disposition of the case, only one of which warrants extended discussion. Chevron argues that even assuming its agreement with Ocean Sciences does not require the contractor to indemnify Chevron against the claim of the contractor's employees for personal injuries caused solely by Chevron's own negligence, Chevron is still entitled to reimbursement for its costs of defending the employee's claim. We find no merit to Chevron's arguments on appeal, including its contention that it is entitled to costs reimbursement under these circumstances, and affirm the district court's decision in all respects.

I.

Ocean Sciences, Inc. was employed by Chevron Oil Company as an independent contractor to perform certain work on Chevron's offshore platforms in the Gulf of Mexico. Richard O. Smith, one of Ocean Sciences' employees, served as foreman of a crew of welders and laborers doing offshore work for Chevron. On March 16, 1970, Smith and his crew were transported to a Chevron offshore platform by the M/V STACEY TIDE. This vessel is an offshore supply boat owned by Tidewater Guardians, Inc., bareboat chartered by Chevron, and operated by Tidex, Inc. In order to transfer from the vessel to the platform, Smith and his men were required to swing on a rope from the boat to the

platform. The rope, which was attached to the platform and knotted at 12 to 18 inch intervals, was covered with oil as a result of a fire and blowout approximately one month previously.

Smith advised his co-workers to remove their work gloves to secure a firmer grip on the slippery rope. After Smith and several other men had transferred safely to the catwalk on the platform, one of the employees lost his grip on the rope and fell into the Gulf of Mexico between the boat and the catwalk. Smith threw himself down on the catwalk and reached with one hand to pull the man from the water. In so rescuing his co-worker, Smith seriously injured his back.

Smith filed suit against Chevron in district court for the negligent maintenance of an oily swing rope. Chevron, pursuant to its contract with Ocean Sciences, tendered the defense to and sought indemnity from Ocean Sciences and its insurer, United States Fidelity and Guaranty Company. In pertinent part, the indemnity agreement between Chevron and Ocean Sciences provides:

> Contractor [Ocean Sciences] agrees to defend and hold Company [Chevron] indemnified and harmless from and against any loss, expense, claim or demand for:
>
> (a) Injury to or death of Contractor's employees or for damage to or loss of Contractor's property in any way arising out of or connected with the performance by Contractor of services hereunder. . . .

Ocean Sciences refused to defend or indemnify Chevron against Smith's claim. Chevron, therefore, filed a third-party suit for indemnification and reimbursement against Ocean Sciences and its insurer.

Smith also filed suit in the district court against Tidewater Guardians, Inc., the owner of the M/V STACEY TIDE, and Tidex, Inc., the operator of the vessel for negligently operating the vessel when discharging plaintiff and his fellow employees. This action was consolidated with Smith's suit against Chevron for trial.

The district court, sitting without a jury, found that Chevron, knowing of the dangers of the oil-slick rope, was negligent in failing either to warn, to provide an alternative means of access to the platform, or to insist on other safety precautions. The court further found that Chevron's negligence was the sole proximate cause of Smith's injuries and that Smith was not contributorily negligent. Concluding that Chevron was liable to Smith under the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 *et seq.*, the district court entered judgment against Chevron for $79,976.51. The court dismissed Chevron's third-party claim with prejudice on the basis that the indemnity agreement was not one in which Ocean Sciences agreed to indemnify Chevron for its own negligence. The district court also dismissed Smith's complaint against Tidewater Guardians and Tidex with prejudice.

## II.

■ Most of the issues presented for review in this case can be disposed of in summary fashion. The contention that the proscriptions of the Louisiana workmen's compensation scheme, La.Rev.Stat. Ann. § 23:1032 and § 23:1061, foreclose Smith's cause of action against Chevron has been adequately answered in a well-reasoned but unpublished opinion by the district court in denying Chevron's motion for summary judgment. Since the district court found the accident occurred on a fixed platform on the Outer Continental Shelf, *see* 43 U.S.C.A. § 1331 *et seq.*, Smith's exclusive remedy was under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 *et seq.*, and not the Louisiana Workmen's Compensation Act. *See Nations v. Morris*, 483 F.2d 577 (5th Cir.), *cert. denied*, 414 U.S. 1071, 94 S.Ct. 584, 38 L.Ed.2d 477 (1973); *Strange v. Fidelity & Casualty Co.*, 262 So.2d 799 (La.Ct. App.1972). The Longshoremen's Act does not preclude this action.

On appeal Chevron has argued that the location of the platform, whether within or without Louisiana territorial waters, has not been definitely decided but is the subject of a litigated claim by the State of Louisiana against the United States in the Supreme Court. This litigation has now been concluded, *United States v. Louisiana,* —— U.S. ——, 95 S.Ct. 2022, 44 L.Ed.2d 652 (1975), but we are unable to determine from the record and briefs whether the offshore platform involved in this case is now considered in state territorial waters or is located on the Outer Continental Shelf. Furthermore, we have received no supplemental briefs from counsel concerning the effect of the Supreme Court's decision on this case. Under these circumstances, we cannot say that the district court's determination that the Outer Continental Shelf Lands Act is controlling is erroneous. We find no reversible error in the determination that Louisiana workmen's compensation scheme does not apply to prevent Smith's action against Chevron, contrary to Chevron's argument.

■ Likewise unsuccessful are Chevron's attempts to classify as clearly erroneous the findings of the district court that (1) Chevron was negligent, (2) Smith was not contributorily negligent, and (3) the measure of Smith's damages was $79,976.51. There was substantial evidence that Chevron knew of the condition of the rope and failed either to warn the employees of Ocean Sciences or to correct the hazardous situation. The record reveals that Smith responded quickly and admirably in an emergency situation. The mere fact that he had a preexisting back injury does not, as Chevron seems to suggest, render him contributorily negligent in rushing to the aid of a co-worker in danger. The damages awarded to Smith are not so great as to warrant reversal on appeal for excessiveness. All of these findings easily pass muster under F.R.Civ.P. 52(a).

Recognizing the possibility that his judgment against Chevron might be reversed on appeal, Smith filed a protective appeal challenging the dismissal of his complaint against Tidewater Guardians and Tidex, as well as the failure of the district court to hold Chevron liable in its capacity as bareboat charterer of the M/V STACEY TIDE. Inasmuch as we affirm the district court's judgment, we pretermit consideration of Smith's appeal which he conditioned upon our reversal of his award against Chevron.

III.

■ At oral argument, counsel for Chevron indicated that should we affirm the district court's finding that Chevron alone was responsible for Smith's injuries, as we have done, Chevron would not seek indemnity from Ocean Sciences for the award made to Smith. Such a concession is easily understandable in view of the fact that the indemnity agreement between Chevron and Ocean Sciences unquestionably does not provide for indemnification for the indemnitee's own negligence in the clear and specific language required by Louisiana law. *See, e. g., Cole v. Chevron Chemical Co. —Oronite Division,* 477 F.2d 361 (5th Cir.), *cert. denied,* 414 U.S. 858, 94 S.Ct. 67, 38 L.Ed.2d 109 (1973); *Gorsalitz v. Olin Mathieson Chemical Corp.,* 429 F.2d 1033 (5th Cir. 1970), *cert. denied,* 407 U.S. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807 (1972).

■ Chevron argues, however, that even if it is not entitled to indemnification for the injury damages under the contract, it is entitled to reimbursement from Ocean Sciences for the cost of defending Smith's claim. In essence, Chevron argues that the agreement "to defend and hold Company indemnified . . . ." is severable and that Ocean Sciences must defend it against claims by Ocean Sciences' employees, regardless of Chevron's negligence.

Such a construction of the agreement in this case does not accord with the

plain, ordinary and popular sense of the language of the contract. *See Williams v. California Co.,* 289 F.Supp. 376 (E.D. La.1968); *White v. California Co.,* 260 F.Supp. 586 (E.D.La.), *aff'd sub nom., L. L. Bogle v. California Co.,* 369 F.2d 699 (5th Cir. 1966). Under the contractual provision, Ocean Sciences agreed to defend and to indemnify Chevron against claims of Ocean Sciences' employees for injuries which were connected with Ocean Sciences' services to Chevron. There is no separate paragraph controlling the legal defense of claims. All is contained in one paragraph and would seem to be subject to the same rule. Without the requisite clear language for Ocean Sciences to indemnify Chevron for the injury damages, in view of Chevron's negligence, there is no contract language to indicate an intent for Ocean Sciences to provide a legal defense for Chevron against its negligent acts. Chevron, as the drafter of the agreement, could have easily included a separate defense provision if the parties had desired the result which Chevron now espouses. Under Louisiana law, even if the contract rose to the level of ambiguity, the issue would be resolved against Chevron as the drafter of the instrument. La.Stats. Ann.–Civil Code arts. 1957, 1958; *Kuhn v. Stan A. Plauche Real Estate Co.,* 249 La. 85, 185 So.2d 210, 213 (1966); *Monsur v. Thompson,* 300 So.2d 655 (La.Ct.App. 1974).

In *Despaux v. California Co.,* 286 F.Supp. 558 (E.D.La.1968), a district court held that an indemnitee could not secure reimbursement for the expenses which it incurred in defending a wrongful death claim arising from negligent acts. The *Despaux* court treated the duty to defend as an extension of the duty to indemnity and, applying Louisiana law, concluded that the indemnitor had no contractual obligation to reimburse the indemnitee for its costs in defending its own negligence. The "defend and indemnify" agreement in the *Despaux* case was identical to the one in the case *sub judice.*

Inasmuch as Ocean Sciences is not obligated to indemnify Chevron for Chevron's negligence under the contractual provision in question, we hold that Ocean Sciences is not required to reimburse Chevron for the cost which it incurred in defending Smith's claim. The district court properly dismissed Chevron's third-party claim for reimbursement.

Affirmed.